Kenneth Ross, Longview, for petitioner.

Charles H. Clark from Tyler, H.P. Smead, Jr, Smead, Anderson, Wilcox & Dunn, Longview, for respondent.

**R.L. WILGUS et al., Petitioners,**

v.

**W.J. BOND et ux., Respondents.**

**No. C–5976.**

Supreme Court of Texas.

May 27, 1987.

OPINION

RAY, Justice.

This case involves a litigant's waiver of error in the submission of issues for failure to properly object under Texas Rule of Civil Procedure 274. The trial court rendered judgment in favor of the plaintiffs, Dick and Peggy Wilgus and Wilgus & Bond, Inc. The court of appeals, in an unpublished opinion, reversed and remanded the cause for a new trial holding that the trial court had erred by rendering judgment based on answers to damage issues that failed to relate elements of damage to specific theories of recovery. We hold that the trial court did not commit reversible error by rendering judgment based on issues when the complaining party failed to

point out distinctly the matter to which he objected and the grounds of his objection.

In 1971 Dick and Peggy Wilgus opened a "dive and gift" shop in Longview named Dick and Peggy's Sports and Gifts. In 1981 the Wilguses met W.J. and Jean Bond and the two couples formed a partnership to expand and operate the existing dive and gift shop. In February 1982, the Wilguses and the Bonds used the partnership assets to form a corporation named Wilgus & Bond, Inc. The Articles of Incorporation named as Directors Dick Wilgus, Peggy Wilgus, W.J. Bond and Jean Bond; the Articles also listed the four as incorporators. At an organizational meeting of the Board of Directors held on May 12, 1982, the By-Laws were adopted and the following officers were elected: Dick Wilgus, President; W.J. Bond, Vice-President; Peggy Wilgus, Secretary and Treasurer. The Wilguses and the Bonds assumed their duties as directors and stock was issued in the following amounts: 27,500 shares for cash consideration to W.J. Bond and Jean Bond; 27,500 shares were issued to Dick Wilgus and Peggy Wilgus for the actual value of property received including inventory, fixtures and equipment.

A new facility was constructed in 1982 on property W.J. Bond had purchased for that specific purpose. Wilgus & Bond, Inc. filed an Assumed Name Certificate in Gregg County to use the name "The Aquatic Center" and entered into a lease agreement with W.J. Bond covering the property and the new facility. The initial lease became effective August 1, 1982 and a subsequent lease was executed and became effective November 29, 1982.

Also in November 1982, Dick Wilgus and W.J. Bond negotiated and entered into an agreement whereby Wilgus purchased Bond's stock in the corporation. Dick Wilgus testified that W.J. Bond told him that he had been advised to sell his stock in the corporation so he could act only as landlord and use the stock proceeds to fund planned improvements to the property. The stock purchase agreement provided that Wilgus pay Bond $5,000.00 and give a promissory note for the balance of the purchase price

of $25,000.00. Within a few days after Wilgus' check for $5,000.00 as a down payment on the stock cleared his account, the Wilguses received an eviction notice from the Bonds' attorney stating that the December rent was one day late and requesting that the premises be vacated immediately. The Bonds also changed the locks on the door to the gift shop and later removed the inventory of the gift shop to another location.

The Wilguses filed suit alleging that the Bonds had breached their fiduciary duty of good faith and fair dealing that they owed to the corporation by evicting the corporation from The Aquatic Center, converting the inventory in the gift shop, and committing fraud. In response to issues one through six and eight through fourteen, the jury found in favor of the Wilguses and Wilgus & Bond, Inc. on all three theories of recovery. The trial court submitted the following issues inquiring as to damages:

ISSUE NO. 15

What sum of money if paid now in cash would reasonably compensate the Plaintiff, Wilgus & Bond, Inc., for its damages, if any?

Answer in Dollars and Cents, if any, in the blanks provided:

Answer:

| | |
|---|---|
| Loss of profits in the past: (Do not include any damages for loss of profits associated solely with the gift shop from November 15, 1982 to April 1, 1983, or for losses resulting from expenses in excess of income) | $ 56,000 |
| Loss of profits in the future: | $ 25,000 |
| Losses resulting from expenses in excess of income: | $ 12,500 |
| Additional capital withheld by Defendants: | $125,000 |

ISSUE NO. 16

What sum of money if paid now in cash would reasonably compensate Plaintiffs, Dick and Peggy Wilgus, individually for their damages, if any?

Answer in Dollars and Cents, if any, in the blanks provided:

Answer:

| | |
|---|---|
| Borrowed money invested in business: | $ 70,000 |
| Personal monies put into business: | $ 0 |

Reasonable value of their unpaid services: $ 8,100

Difference in value of the stock as represented from the value of the stock actually received: $ 27,000

The jury also awarded the Wilguses $175,000.00 in exemplary damages.

■ The court of appeals reversed, reasoning that the trial court committed reversible error by submitting damage issues which did not specifically relate the various elements of damages to the underlying theories of recovery. Although we agree that damages must be measured by a legal standard which serves to guide the jury in determining compensation for the injured party, the Bonds waived any error in the submission by failure to properly object.

■ The Bonds made lengthy objections to the court's charge but nowhere in their objections did the Bonds assert that issues 15 and 16 were not properly related to the grounds of recovery. Texas Rule of Civil Procedure 274 provides:

A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection.

The purpose of Rule 274 is to afford trial courts an opportunity to correct errors in the charge by requiring objections both to clearly designate the error and to explain the grounds for complaint. *Castleberry v. Branscum*, 721 S.W.2d 270, 276 (Tex.1986); *Brown v. American Transfer and Storage Co.*, 601 S.W.2d 931, 938 (Tex.1980). In this case the Bonds' objections did not clearly state the grounds and therefore did not give the trial court an opportunity to correct any mistake.

We therefore reverse the judgment of the court of appeals and remand the cause to that court for it to consider the remaining points of error.