J.G. HAJDIK, Appellant,

v.

George WINGATE, Appellee.

No. 01–87–00457–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 19, 1988.
Rehearing Denied July 14, 1988.

Herbert N. Lackshin, Lackshin & Nathan, Houston, for appellant.

Michael E. Orsak, Sugarland, for appellee.

Before JACK SMITH, SAM BASS and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a money judgment against appellant in the sum of $270,000, plus pre-judgment interest in the amount of $139,445.23, attorney's fees in the sum of $46,650, and exemplary damages in the sum of $1,000,000. The judgment of the court, dated March 5, 1987, states findings of intentional and malicious fraud, theft and misappropriation of funds and properties, breach of fiduciary duty, and false representations relied upon by appellee.

In June, 1982 appellee, a pharmacist and close friend of appellant, invested in an apartment project planned by Glenmeadow Townhomes, Inc. ("the corporation"), of which appellant was the president. For the money invested, appellee was given shares of stock in the corporation, and became a 50–50 shareholder with appellant. Appellee's original petition filed May 15, 1984, alleged breach of fiduciary duty and misappropriation of monies and materials from the construction of the apartment project to appellant's personal use and benefit, or to the use and benefit of another business owned by appellant, Hajdik Homes, Inc. The suit was originally filed against both appellant and the corporation; however, prior to trial, appellee non-suited the corporation. During the two and one-half years

between the initial filing and trial, numerous requests for production were made by appellee requiring several interventions by the court.

On January 2, 1987, 24 days before the date set for trial, appellant filed a first amended answer specially excepting to appellee's causes of action as belonging to the corporation of which appellee had since become 100% shareholder, and alleging that appellee had failed to comply with the requirements for a shareholder's derivative suit. At a hearing on January 16, 1987, the court granted appellee's two motions to compel production, filed December 29, 1986, and January 7, 1987, and signed an order compelling production with threatened sanctions of struck pleadings and default judgment for noncompliance. The court delayed a decision on appellant's special exception until January 19th, at which time the court denied appellant's special exception. Within seven days of trial, appellee filed a second amended original petition in which he pleaded for the first time false representation and fraud in inducing him to invest in the venture. Appellant's motion to strike this new cause of action was denied by the court on Monday, January 26th, the first day of trial. Also, on the first day of trial, the court granted appellee's motion to strike appellant's pleadings for failure to comply with its discovery orders. In addition to striking appellant's pleadings, the court's judgment recites that a default judgment was also granted.

In 21 points of error, appellant challenges the following: (1) the court's order to compel production and the subsequent order striking his pleadings and granting default judgment; (2) the court's denial of his special exception; (3) the court's denial of his motion to strike appellee's late amended pleadings raising a new cause of action; (4) the sufficiency of the evidence to support the court's findings of misappropriation and fraudulent inducement; and (5) the award of damages and attorney fees.

In points of error four and five, appellant argues that the trial court erred in refusing to grant his special exception to the causes of action initially pleaded and in entering a judgment for damages in favor of appellee personally on these causes of action. Appellant contends, as he did in his special exception, that appellee was attempting to maintain a personal action for breach of fiduciary duty and misappropriation of corporate funds, actions that belonged solely to the corporation, and that appellee had not alleged that efforts were made to have the corporation bring suit, a prerequisite for filing a shareholder's derivative action.

■■■ The cause of action for injury to the property of a corporation, or the impairment or destruction of its business is vested in the corporation, as distinguished from its stockholders. *Commonwealth of Massachusetts v. Davis*, 140 Tex. 398, 168 S.W.2d 216, 221 (1942), *cert. denied* 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed.2d 1848 (1943); *First State Bank v. Bolinger*, 431 S.W.2d 782, 784 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.) (reversing and remanding for a new trial where shareholder brought such action). Such action must be brought by the corporation, not alone to avoid a multiplicity of suits, but in order that any damages recovered may be available for the payment of the corporation's creditors. *Davis*, 168 S.W.2d at 221; *Bolinger*, 431 S.W.2d at 784. A stockholder, merely as such, cannot have an action on his own behalf against one who has injured the corporation, however much the wrongful acts have depreciated the value of his shares. *Stinnett v. Paramount–Famous Lasky Corp.*, 37 S.W.2d 145, 150 (Tex. Comm'n App.1931, holding approved). The fact that the complaining stockholder is the owner of all or substantially all of the capital stock does not enlarge his rights in this request. *Id.; U.S. v. Palmer*, 578 F.2d 144, 145 (5th Cir.1978) (affirming a summary judgment against plaintiff/shareholder because he lacked standing).

■■■ Tex.Bus.Corp.Act Ann. art. 5.14 (Vernon 1980) allows for such a suit to be brought as a derivative suit by a shareholder in accordance with certain prerequisites. One of the prerequisites is that the pleadings allege that efforts were made "to have

suit brought for the corporation by board of directors, or the reasons for not making such efforts," e.g., that such demand would be futile. *Dodson v. Kung,* 717 S.W.2d 385, 390 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (affirming summary judgment against plaintiff who failed to amend pleadings after defendant specially excepted to the form of the derivative suits); *Atkinson v. Reid,* 625 S.W.2d 64, 67 (Tex.App.—San Antonio 1981, no writ); *Zauber v. Murray Sav. Ass'n,* 591 S.W.2d 932, 936 (Tex.App.—Dallas 1979) *writ ref'd n.r.e. per curiam,* 601 S.W.2d 940 (Tex.1980) (reversing summary judgment against plaintiff where fact issue was raised regarding the futility of demand). Where the pleadings do not include such allegations, the case is subject to dismissal upon the proper exception and after opportunity to amend. *Dodson,* 717 S.W.2d at 390. If the special exceptions could have been cured by amendment, dismissal should be without prejudice. *Atkinson,* 625 S.W.2d at 66. Appellee did not allege that he made an effort to have the corporation bring the suit, nor give reasons why such an attempt would have been futile, nor did he amend his pleadings to comply with article 5.14 upon appellant's special exception.

■ Appellee suggests on appeal, as he did at the hearing, that he would come under the exception to the general rule carved out in *Stinnett,* i.e., "if the wrongful acts are not only wrongs against the corporation but also violate duties arising from contracts or otherwise and owing directly to the injured stockholder." 37 S.W. 2d at 150. This exception has been narrowly construed to permit a suit by a shareholder only when the "wrongs are such as to give to the shareholder personally a right of action. If the injuries complained of are such as to give to the corporation a cause of action upon damages occasioned to it, the stockholder has no right to bring suit therefore, but if there is a contract or other liability of which the stockholder personally is the beneficiary, the cause of action arises to him as with any other cause of action he might have under the same circumstances." *McDonald v. Bennett,*

674 F.2d 1080, 1086 (5th Cir.1982) (citing *Cullum v. General Motors Acceptance Corp.,* 115 S.W.2d 1196 (Tex.Civ.App.— Amarillo 1938, no writ)). The *Stinnett* exception is not sufficiently comprehensive to include suits merely because the acts complained of resulted in damages both to the corporation and to the stockholder. *Id.* In finding that the plaintiff did not fall under this exception just because he sustained identifiable losses as an individual, the Fifth Circuit in *McDonald* noted that the plaintiff had chosen to conduct his financial affairs through the use of the corporate vehicle with all of its benefits, and, therefore, could not simply "shrug off the corporate mantle at the courthouse steps and demand recovery of all his losses as a private individual." *Id.*

In the absence of a contract or other liability of which appellee is personally and solely the beneficiary, we find that appellee's suit for misappropriation of monies and materials and any breach of fiduciary duty after appellee became a shareholder does not fall under the *Stinnett* exception.

Other cases cited by appellee to support his contention that the specially excepted to causes of action could be filed personally are distinguishable or do not stand for the proposition stated by appellee. Two of the cases allow a corporate officer or agent to be held personally liable for his intentional tortious acts to a third party, but not to a shareholder. *Dorchester Gas Prod. Co. v. Harlow Corp.,* 743 S.W.2d 243 (Tex.App.— Amarillo 1987, n.w.h.); *Grierson v. Parker Energy Partners,* 737 S.W.2d 375 (Tex. App.—Houston [14th Dist.] 1987, n.w.h.).

We therefore hold that the trial court erred in refusing to grant appellant's special exception to appellee's initial pleadings of breach of fiduciary duty and misappropriation of monies and materials, and in entering a judgment for such damages in favor of appellee personally. Points of error four and five are sustained.

■ In points of error 11 and 12, appellant contends that the trial court erred in permitting appellee to file his second amended petition one business day before

trial commenced without leave of court in violation of Tex.R.Civ.P. 63. The exact date of filing is disputed. The transcript shows the second amended petition was filed January 26, 1987, the first day of trial, while appellee alleges that it was filed five days before trial. Regardless of which date is correct, the filing required leave of court because it was filed within seven days of trial. Rule 63. Appellee's second amended petition alleged a new cause of action, i.e., false representation and fraud in inducing appellee to invest in the project. The court denied appellant's motion to strike appellee's second amended petition, even though he pleaded surprise and prejudice. Appellant further alleged that appellee added this cause of action solely as an attempt to state a cause of action on behalf of appellee individually, as opposed to the corporate causes of action previously pleaded and specially excepted to.

Within seven days of trial, the decision to grant or deny an amendment is discretionary with the trial court, and shall be granted unless there is a showing of surprise. Rule 63. The trial court's decision will not be disturbed unless the opposite party clearly shows an abuse of discretion. *Merit Drilling Co. v. Honish,* 715 S.W.2d 87, 91 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (reversing and rendering a reduced judgment upon finding an abuse of discretion in allowing a new cause of action and other error). Any failure in obtaining the trial court's leave to file is cured by the trial court's subsequent action of considering the amended pleadings. *Swinney v. Winters,* 532 S.W.2d 396 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.).

In addition to his pleading surprise and prejudice, appellant argues that the court should not have allowed the amended pleadings because the new cause of action was known to appellee or could have been known at the time he filed his earlier pleadings, citing *Valdez v. Lyman–Roberts Hosp., Inc.,* 638 S.W.2d 111 (Tex.Civ.App.—Corpus Christi 1982, writ ref'd n.r.e.) (affirming denial of amended pleadings for the reasons stated above). Appellant also cites *Merit Drilling,* 715 S.W.2d at 91, where the court held that the trial court

abused its discretion in allowing the amendment only two working days before trial where the amendment apparently was not based on any late-discovered matters, and where the complaining party clearly pointed out four good reasons why the amendment was improper at the time it was offered (i.e., surprise, inappropriate as a matter of law, and inadequate time to prepare for two new issues raised). The *Merit* court also noted that the original suit was filed over two years before the date of trial. *Id.*

Appellee argues that he amended his pleadings to cure the defects raised in appellant's special exception. Appellant's special exception that the initially pleaded causes of action belonged to the corporation required that appellee amend his pleadings to comply with the prerequisites of a derivative suit. Appellant's special exception, filed 24 days before trial, was not justification for an amended petition raising a totally new cause of action on the eve of trial.

Appellee also argues that appellant could not have been surprised because fraud in general had been previously alleged. However, fraud associated with appellant's conduct in supervising the apartment project after appellee became a shareholder is a totally different cause of action from fraud in inducing appellee into the venture by misrepresentations.

Appellee further contends that appellant was required to file a motion for continuance. Some earlier decisions appear to hold that a motion for continuance is necessary to preserve error for appeal; however, these decisions also point to other facts in affirming the trial court's allowance of late amended pleadings. *Miller v. Wagoner,* 356 S.W.2d 363, 367 (Tex.Civ.App.—Austin 1962, no writ) (also finding that it was uncontroverted that appellant could not have been surprised); *Finlayson v. Roberts,* 82 S.W.2d 1020, 1021–22 (Tex.Civ.App.—Fort Worth 1935, no writ) (also finding that most of the new allegations had already been put in issue by the appellant's cross-action). Furthermore, some later decisions, considering a trial court's allow-

ance of late amended pleadings, either make no mention of a motion for continuance, *Merit,* 715 S.W.2d at 91 (finding abuse of discretion), or consider such a motion as only one factor in their analysis of whether the trial court abused its discretion, *Kaufman Northwest, Inc. v. Bi-Stone Fuel Co.,* 529 S.W.2d 281, 288 (Tex. Civ.App.—Tyler 1975, writ ref'd n.r.e.) (finding no abuse of discretion where a continuance was even offered by the trial court).

We find that the trial court abused its discretion in allowing appellee to amend his pleadings, raising a totally new cause of action, on the eve of trial where the suit was initially filed over two years before trial and the new cause of action was apparently not based on any late discovered matters, and where the complaining party alleged surprise and that he was not prepared to try the new cause of action.

Points of error 11 and 12 are sustained.

In point of error two, appellant challenges the court's striking of his pleadings and entering a default judgment against him for failure to comply with discovery orders. Having found that the trial court erred in previously denying appellant's special exception to the causes of action initially pleaded, which belonged to the corporation and not to appellant individually, any subsequent striking of pleadings or default judgment granted in regards to these causes of action would have no effect. It must be presumed that the discovery sanctions applied only to the causes of action initially pleaded, and not to the new causes of action allowed to be raised on the first day of trial, after the court granted appellee's motion to strike appellant's pleadings.

Having found that the trial court erred in denying appellant's special exception to the causes of action initially pled and his motion to strike the new cause of action raised in appellee's second amended petition, we need not address the remaining points of error. We note that even if we had found one of the causes of action not to be error, and sufficient evidence to support that action, a new trial for damages would be necessary because the damages were not segregated between the two causes of action.

The judgment of the trial court is reversed and remanded for procedures consistent with this opinion.