George WINGATE, Petitioner,

v.

J.G. HAJDIK, Respondent.

No. C–7880.

Supreme Court of Texas.

July 3, 1990.

Rehearing Overruled Oct. 24, 1990.

W. James Kronzer, Jr., Houston, Michael E. Orsak, Sugar Land, for petitioner.

Herbert Neil Lackshin, Houston, for respondent.

## OPINION

HECHT, Justice.

■ This is an action by the sole shareholder of a corporation against a former shareholder for fraud, breach of fiduciary duty, and misappropriation of assets. The trial court found for the plaintiff on all theories and awarded actual and punitive damages. The court of appeals reversed and remanded the case for a new trial. 753 S.W.2d 199. The principal issue before us is whether a shareholder can properly recover damages individually for injury to the corporation. We hold that he cannot. Accordingly, we affirm the judgment of the court of appeals.

### I

When George Wingate and J.G. Hajdik were still close friends, they decided to invest together in the construction of some apartments on property owned by Glenmeadow Townhomes, Inc. Wingate purchased half the stock in Glenmeadow and guaranteed a loan for the construction costs. Hajdik owned the other half of the stock and, as president of the corporation, supervised the construction project.

Eventually, the two friends had a falling out over the operation of Glenmeadow, and Wingate sued Hajdik. Wingate claimed that Hajdik misappropriated corporate assets to his personal use. Wingate also claimed that Hajdik breached his fiduciary duty to Wingate as a business partner. Although it appears that Wingate and Hajdik each owned half the stock in Glenmeadow at the time Wingate filed suit, it is undisputed that sometime prior to trial Wingate became the sole shareholder of Glenmeadow.

Twenty-four days before trial, Hajdik amended his answer to include, among other things, a special exception to Wingate's pleadings on the ground that all the causes of action Wingate asserted belonged to Glenmeadow and not to Wingate personally. One week before trial, the trial court overruled Hajdik's special exception. Three days before trial, Wingate amended his pleadings to add a claim that Hajdik had fraudulently induced him to enter into their business relationship initially. On the day of trial, the trial court denied Hajdik's motion to strike Wingate's amended pleadings, and granted Wingate's motion to strike Hajdik's pleadings for discovery abuse. The trial court rendered a default

judgment against Hajdik and proceeded to hear evidence on damages.

The trial court found that Hajdik misappropriated corporate assets, made fraudulent misrepresentations to Wingate, and breached his fiduciary duty to Wingate. The trial court did not find damages on each basis of liability separately, but rather, awarded Wingate $270,000 actual damages and $1,000,000 exemplary damages on all bases of liability together. The trial court also awarded Wingate attorney fees, interest and costs.

The court of appeals held that the trial court erred in overruling Hajdik's special exception, in allowing Wingate to amend his pleadings three days before trial, and in awarding Wingate damages personally on causes of action belonging to the corporation, Glenmeadow. Accordingly, the court of appeals reversed the judgment of the trial court and remanded the case for a new trial. 753 S.W.2d 199.

## II

A corporate stockholder cannot recover damages personally for a wrong done solely to the corporation, even though he may be injured by that wrong.

Ordinarily, the cause of action for injury to the property of a corporation, or the impairment or destruction of its business, is vested in the corporation, as distinguished from its stockholders, even though it may result indirectly in loss of earnings to the stockholders. Generally, the individual stockholders have no separate and independent right of action for injuries suffered by the corporation which merely result in the depreciation of the value of their stock. This rule is based on the principle that where such an injury occurs each shareholder suffers relatively in proportion to the number of shares he owns, and each will be made whole if the corporation obtains restitution or compensation from the wrongdoer. Such action must be brought by the corporation, not alone to avoid a multiplicity of suits by the various stockholders and to bar a subsequent suit by the corporation, but in order that the dam-

ages so recovered may be available for the payment of the corporation's creditors, and for proportional distributions to the stockholders as dividends, or for such other purposes as the directors may lawfully determine.

*Massachusetts v. Davis*, 140 Tex. 398, 168 S.W.2d 216, 221 (1942), *cert. denied*, 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed. 1848 (1943); *Schoellkopf v. Pledger*, 739 S.W.2d 914, 918–920 (Tex.App.—Dallas 1987), *rev'd on other grounds*, 762 S.W.2d 145 (Tex. 1988) (per curiam), *opinion on remand*, 778 S.W.2d 897 (Tex.App.—Dallas 1989, writ denied). This rule does not, of course, prohibit a stockholder from recovering damages for wrongs done to him individually "where the wrongdoer violates a duty arising from contract or otherwise, and owing directly by him to the stockholder." *Davis*, 168 S.W.2d at 222; *accord, Stinnett v. Paramount–Famous Lasky Corp.*, 37 S.W.2d 145, 149–151 (Tex.Comm'n App. 1931, holding approved); *Schoellkopf*, 739 S.W.2d at 918–920; *Morrison v. St. Anthony Hotel*, 295 S.W.2d 246, 250 (Tex.Civ. App.—San Antonio 1956, writ ref'd n.r.e.); *Cullum v. General Motors Acceptance Corp.*, 115 S.W.2d 1196, 1200–1202 (Tex. Civ.App.—Amarillo 1938, no writ); *Empire Life Ins. Co. of America v. Valdak Corp.*, 468 F.2d 330, 335 (5th Cir.1972); *Schaffer v. Universal Rundle Corp.*, 397 F.2d 893, 896 (5th Cir.1968); *see, United States v. Palmer*, 578 F.2d 144, 146 (5th Cir.1978); 12B Fletcher, Encyclopedia of the Law of Private Corporations § 5921 (1984). However, to recover individually, a stockholder must prove a personal cause of action and personal injury.

In this case, Wingate alleged, and the trial court found, that Hajdik misappropriated assets belonging to Glenmeadow. This claim indisputably belongs to Glenmeadow, and Wingate is not entitled to recover personally for assets Hajdik wrongly took from the corporation. The trial court awarded Wingate a single sum of actual damages predicated upon multiple liability findings. Assuming that Wingate timely pleaded causes of action upon which

he was entitled to recover personally,[1] the trial court erred in including in the damages awarded amounts which only Glenmeadow is entitled to recover. Hajdik specially excepted to Wingate's pleadings which claimed individual recovery of damages on a cause of action belonging to Glenmeadow. The trial court erred in overruling Hajdik's special exception. In his motion for new trial, Hajdik reiterated his objection to Wingate's pleadings and also objected to awarding damages to Wingate individually on a Glenmeadow's claim. The trial court erred in denying Hajdik's motion for new trial.[2]

■ Had the trial court segregated the damages resulting from Hajdik's misappropriation of corporate assets from the damages recoverable on Wingate's personal causes of action, it would not be necessary to reverse the entire judgment. However, the trial court awarded Wingate a single sum of actual damages predicated upon multiple liability findings. In these circumstances, the entire judgment must be reversed. Accordingly, the judgment of the court of appeals is affirmed.

Justice SPEARS, J., dissents with opinion, joined by RAY and MAUZY, JJ.

SPEARS, Justice, dissenting.

I respectfully dissent. The trial court properly allowed Wingate to amend his pleadings to assert a personal cause of action for fraud against Hajdik; therefore, the damages awarded for that action were properly recoverable. Because Hajdik did not object to the trial court's failure to segregate these damages from those

awarded for the misappropriation of corporate assets cause of action, the entire award must stand. At the very least, this court should remand the cause to the trial court with instructions that it segregate the damages resulting from Hajdik's misappropriation of corporate assets from the damages recoverable on Wingate's personal cause of action for fraud.

Traditionally, Texas courts have allowed the free amendment of pleadings. *See Jago v. Indemnity Ins. Co. of North America*, 120 Tex. 204, 36 S.W.2d 980 (1931); *Boren v. Billington*, 82 Tex. 137, 18 S.W. 101 (1891). We are not unique in this regard, "for the history of procedure reveals the concurrent development over the centuries of a liberal policy toward amendments coincident with a growing tolerance toward informalities of pleading." 2 R. McDonald, *Texas Civil Practice in District and County Courts* § 8.06 (rev. 1981). Currently, Rule 63 of the Texas Rules of Civil Procedure provides:

> Parties may amend their pleadings ... provided, that any amendment offered for filing within seven days of the date of trial or thereafter ... shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such amendment will operate as a surprise of the opposite party.

The use of the word "shall" is a mandatory directive. If surprise is not shown, Rule 63 requires the trial court to allow the amendment. *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex.

1. We need not address, as the dissent does, whether the trial court erred in allowing Wingate to file amended pleadings asserting a new cause of action three days before trial. Even if we assume the amendment was properly allowed, the unsegregated award of damages in this case cannot stand.

2. The dissent argues that Hajdik's objection to the damage award was not enough to preserve error, and that he should also have requested that the damages be segregated between Wingate's and Glenmeadow's causes of action. Hajdik's special exception and motion for new trial were sufficient to preserve error. We need not decide whether either was necessary.

The cases cited by the dissent requiring an objection to overly broad or inclusive jury questions are inapposite in a nonjury case like this one, where the defendant cannot anticipate that the trial court will award damages erroneously. The dissent presumes that Hajdik's failure to preserve error in the manner the dissent would require was intentional "laying behind the log". "We can reasonably assume," the dissent surmises, "that Hajdik's failure to request segregation was not unintentional but strategic...." 795 S.W.2d at 722. Even if Hajdik's intent were relevant—and it certainly is not—the dissent cannot point to anything in the record to justify this imputation of motive to Hajdik.

1988). The burden of convincing a trial court that the filing of an amended pleading will operate as a surprise rests on the party resisting the filing of the pleading. *Hardin v. Hardin,* 597 S.W.2d 347, 350 (Tex.1980) (Campbell, J., concurring); *Poe v. Hutchins,* 737 S.W.2d 574 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

A trial court's decision to allow an amendment within seven days of trial will not be disturbed unless the complaining party shows an abuse of discretion. *Hardin,* 597 S.W.2d at 350; *Merit Drilling Co. v. Honish,* 715 S.W.2d 87 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). The complaining party's mere allegation of surprise and prejudice is not enough to preserve the right to complain on appeal that the trial court abused its discretion in allowing the amendment. *Hardin,* 597 S.W.2d at 350; *Lloyd's of London v. Walker,* 716 S.W.2d 99, 103 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). The party must file a motion to strike which specifically demonstrates how he is surprised and prejudiced by the amendment and, if the motion is overruled, he must file a motion for continuance.[1]

Hajdik alleged in his motion to strike that he was "surprised and prejudiced" by Wingate's amended petition, that the amendment attempted to state a new cause of action, and that the issues raised by the amendment had never been raised before. In his argument at trial in support of his motion Hajdik asserted that the amendment alleged a "securities fraud" cause of action and that he was "not prepared" to defend such an action. However, Hajdik never made a "showing" of how he was surprised by the amendment. He did not, for example, advise the trial court: (1) of any witnesses who were needed and unavailable to testify regarding the fraudu-

lent inducement cause of action; (2) of how he would have prepared differently or how he would be prejudiced by going forward with the proceeding; or (3) that additional discovery or evidence was needed to adequately present his defense. *See Cummings v. Rice,* 9 Tex. 527 (1853); *Texas Employers Ins. Ass'n v. Sanders,* 265 S.W.2d 219, 221 (Tex.Civ.App.—Texarkana 1954, writ ref'd n.r.e.).

Most importantly, Hajdik never filed a motion for continuance. In the absence of such a motion, the trial court might reasonably have assumed that Hajdik was prepared to try the fraudulent inducement action. This assumption would be supported by the fact that Wingate's initial pleadings made general allegations of fraud, that Hajdik announced ready for trial, and that Hajdik subsequently proffered evidence and argument in defense of the fraudulent inducement action. In short, after reviewing all the circumstances it cannot be reasonably said that the trial court abused its discretion in allowing the filing of the amendment.

Since Wingate was clearly entitled to recover damages on his timely pleaded personal cause of action for fraud, the question becomes whether the trial court's award of damages must still be reversed because it failed to segregate the damages recoverable between Wingate's fraud action and his unauthorized actions for breach of fiduciary duty and misappropriation of corporate assets. It should not, and the majority's unsupported conclusion to the contrary is plainly wrong.

On March 4, 1987, the trial court rendered a written, final judgment which included express "findings" that Hajdik's fraudulent representations, misappropriation of corporate assets and breach of fiduciary trust proximately caused damages to

---

1. *See, e.g., Kaufman Northwest, Inc. v. Bi–Stone Fuel Co.,* 529 S.W.2d 281, 288 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Miller v. Wagoner,* 356 S.W.2d 363, 367 (Tex.Civ.App.—Austin 1962, no writ); *Finlayson v. Roberts,* 82 S.W.2d 1020, 1022 (Tex.Civ.App.—Fort Worth 1935, no writ). The party objecting to the amendment, if his resistance is unavailing, must supplement his objections with a motion for continuance, for he cannot show upon appeal that he has been forced to trial unless he has unsuccessfully sought delay. If the court grants a continuance based on surprise, and if the surprised party satisfactorily shows that he is not ready for trial because of the allowance of the amended pleading, the court may charge the continuance to the amending party, and may also require the amending party to pay any reasonable costs and expenses caused by the continuance, including attorney fees. Tex.R.Civ.P. 70.

Wingate. Based on these findings, the judgment awarded Wingate a single sum of actual damages and prejudgment interest, and further awarded exemplary damages, attorney's fees and costs. On April 3, 1987, Hajdik filed a motion for new trial which argued that: 1) "no judgment should have been rendered" in Wingate's favor individually on a claim for misappropriation of corporate assets because this claim belonged to the corporation; and 2) the trial court erred in awarding damages to Wingate for his personal action for fraud because Wingate's amended petition setting forth this claim should have been stricken under Tex.R.Civ.P. 63. Finally, on April 14, 1987, the trial court filed findings of fact and conclusions of law stating that its damages award was based on Hajdik's fraudulent misrepresentations, misappropriation of corporate assets and breach of fiduciary duty.

The foregoing confirms that Hajdik knew when he filed his motion for new trial that the trial court's judgment granted an unsegregated damages award for *both* a personal action for fraud and a corporate action for misappropriation of assets. Since it has been established that the trial court properly allowed Wingate's amended petition claiming the personal action for fraud, the damages award is sustainable as it relates to that theory of recovery. Any error in the judgment's failure to segregate damages between the authorized fraud action and the unauthorized corporate cause of action was waived by Hajdik's failure to request segregation in either his motion for new trial, via a further request for findings and conclusions, *or on appeal.* By holding otherwise, today's majority rewards Hajdik for "laying behind the log" [2] and, in doing so, ignores the spirit of a number of procedural rules and decisions of this court.

Clearly, if this had been a jury trial, Hajdik's failure to complain of the trial court's failure to segregate damages between the underlying theories of recovery would have waived the issue. *See* Tex.R. Civ.P. 274; *Birchfield v. Texarkana Memorial Hosp.,* 747 S.W.2d 361, 368 (Tex. 1987) (by failing to object, the defendant waived any argument that the damages issue did not specifically relate to the asserted grounds of recovery); *Wilgus v. Bond,* 730 S.W.2d 670, 672 (Tex.1987); *cf. Matthews v. Candlewood Builders, Inc.,* 685 S.W.2d 649, 650 (Tex.1985) (defendants failure to object to broad attorney fee issue waived any complaint that trial court erred in allowing jury to consider and award attorney fees not associated with plaintiff's successful claim); *Pioneer Finance & Thrift Corp. v. Adams,* 426 S.W.2d 317, 320 (Tex.App.—Eastland 1968, writ ref'd n.r.e.) (by failing to object, the defendant waived any argument that the damages award should be reversed because it included damages for a trespass cause of action which should not have been allowed). These "preservation of error" rules should apply with equal force to the present nonjury case because the judgment apprised Hajdik of the bases of the damages award, and because Hajdik never objected (at trial or on appeal) to the judgment's failure to segregate damages between recoverable and nonrecoverable claims.

For all the above reasons I would reverse the decision of the court of appeals and affirm that of the trial court.

RAY and MAUZY, JJ., join in this dissent.

---

**2.** We can reasonably assume that Hajdik's failure to request segregation was not unintentional but strategic; by failing to request segregation, Hajdik eliminated the possibility that the trial court would attribute most of the damages award to the personal fraud cause of action. By enforcing this strategy, the majority guts the fundamental rule that a complainant must apprise the trial court of any error in order to allow it to correct its mistake.