In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-05-364 CV


______________________


 

KAMAL ALAVI, Appellant



V.



MCI WORLDCOM NETWORK SERVICES, INC. AND


BRYAN L. ENGLE, Appellees






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 05-03124 CV






MEMORANDUM OPINION


 Kamal Alavi appeals a take-nothing judgment on a breach of fiduciary duty claim
against Bryan Engle and a claim for conspiracy to breach fiduciary duty against MCI
WorldCom Network Services, Inc. (1) In two issues, he asserts jury charge error requires a new
trial as to these two claims. We find no reversible error. The trial court's judgment is
affirmed.

 Kamal Alavi was the founder, a shareholder, a director, and the Chief Executive
Officer of Twister Communications Network, Inc., a telecommunications corporation that
sold pre-paid telephone cards in convenience stores. WorldCom provided wholesale
telephone services to Twister, and Twister resold those services to its customers. Twister
accumulated millions of dollars of debt to WorldCom. To resolve the debt, Twister issued
to WorldCom a promissory note, secured by Twister's assets. Alavi pledged his voting stock
in Twister to WorldCom and agreed to guarantee and act as surety for Twister's financial
obligations to WorldCom. Twister and WorldCom entered into a "Workout Agreement," (2)
which detailed several additional agreements that were executed in connection with the
parties' efforts to resolve the debt. 

 During this "work out" period, Twister's shareholders executed a voting trust
agreement and designated Bryan Engle as the voting trustee of Twister's voting stock. Engle
was the president of Asset Recovery Services, Inc., a consultant WorldCom hired to evaluate
Twister's financial condition. (3) 

 Ultimately, Twister defaulted on the workout agreement, and WorldCom filed a
breach of contract suit against Twister to collect the unpaid invoices. Twister counterclaimed
against WorldCom, asserting fraud and conspiracy predicated upon WorldCom's conduct in
its attempt to work out Twister's debt. WorldCom's and Twister's claims against each other
were resolved, and Twister was dismissed before trial.

 Kamal Alavi, individually, and the Alavi Interests, Twister's shareholders, intervened
in the case and asserted, among other claims, a claim of conspiracy to breach fiduciary duty
against WorldCom and Engle, and a claim of breach of fiduciary duty against Engle. The
claims were based on Engle's conduct while he acted as voting trustee, and his business
dealings and relationship with WorldCom. Alavi and the Alavi Interests sought monetary
damages based on the alleged decline in the value of Twister's stock. The court realigned
the parties, and made Alavi and the Alavi Interests the plaintiffs and WorldCom and Engle
the defendants. 

 Question eight of the jury charge asked if Engle and Alavi had a relationship of
confidence and trust. Question nine of the charge asked if Engle breached his fiduciary duty
to Alavi. The breach of fiduciary duty question was conditioned on the jury finding that
Engle and Alavi had a relationship of confidence and trust. Because the jury found that
Engle and Alavi did not have a relationship of confidence and trust, the jury did not answer
question nine. The jury found against Alavi on all counts, including on his claim that
WorldCom conspired with Engle to breach a fiduciary duty. The trial court signed a take-nothing judgment. (4)

 The two issues Kamal Alavi presents in his brief on appeal are stated as follows:

 1. Did the trial court improperly condition the submission of Alavi's
fiduciary-duty-breach question against Engle?


 2. Did the trial court's improper conditioning of the fiduciary-duty-breach
question mislead the jury on Alavi's conspiracy-to-breach-fiduciary-duty claims against WorldCom?


WorldCom and Engle argue Alavi waived any complaint that the trial court erred in
conditioning the question, because Alavi only objected at trial that the question improperly
placed the burden of proof on Alavi. Alavi contends that he objected to the conditioning of
the breach of fiduciary duty question by arguing to the court that a fiduciary duty existed as
a matter of law. Alavi argues Engle was Alavi's trustee under the voting trust agreement as
a matter of law. Alavi contends he presented evidence that Engle breached his duty. Alavi
further argues that because he tendered a proposed breach of fiduciary duty question that was
not conditioned on the jury's finding of a confidential relationship, the trial court was made
aware of his complaint.

 To preserve a complaint of error in the jury charge, a party must make the trial court
aware of its complaint, timely and plainly, and must obtain a ruling. See State Dept. of
Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 241 (Tex. 1992); Tex. R. Civ. P. 274;
Tex. R. App. P. 33.1(a)(1). Although Alavi complained that question nine misplaced the
burden of proof, Alavi objected to question eight on the grounds that the court should find
that a fiduciary duty existed as a matter of law. (5) The trial court denied the submission of
Alavi's requested jury question, which did not condition a finding of breach of fiduciary duty
on the finding of a relationship of confidence and trust. 

 Alavi's objection to question number eight at the charge conference and his
submission of a proposed unconditioned breach of duty question made the trial court aware
of his complaint that the breach of duty question should not have been conditioned on the
jury's finding of a relationship of confidence and trust. We conclude Alavi preserved for
appellate review the complaint concerning the conditioning of the breach question. 

 WorldCom and Engle argue that even if the complaint was preserved for review, the
error was harmless. Appellees argue Alavi presented no evidence of the damages caused by
a breach of fiduciary duty, and therefore the trial court's judgment was proper regardless of
the asserted charge error. 

 Alavi argues appellees are mistaken about the elements of a breach of fiduciary duty
cause of action. He contends a plaintiff does not have to prove damages were caused to
recover on a breach of fiduciary duty claim. He argues a plaintiff must prove only that the
fiduciary benefited from the breach. Engle testified WorldCom paid him to represent its
interests. Alavi asserts entitlement to disgorgement of Engle's fees. Alavi concedes,
however, that he did not plead for disgorgement of Engle's fees in the trial court. Alavi
claims he is entitled to disgorgement of any benefit that Engle gained as a result of his breach
of fiduciary duty because Alavi's pleadings included a general prayer. He contends a
plaintiff need not specifically pray for a certain type of relief in his pleadings to be entitled
to it.

 The Supreme Court has held that in a breach of fiduciary duty claim brought against
an attorney, the client need not prove actual damages to obtain forfeiture of an attorney's fee. 
Burrow v. Arce, 997 S.W.2d 229, 240 (Tex. 1999). The Fourteenth Court of Appeals has
held that the Arce ruling "applies to any breach of fiduciary duty case where the plaintiff
pleads the equitable remedy of fee forfeiture." Lee v. Lee, 47 S.W.3d 767, 780 (Tex. App.--Houston [14th Dist.] 2001, pet. denied). A party must plead forfeiture to be entitled to that
equitable remedy. See id. at 780-81 (explaining that Arce's holding does not apply when a
party fails to plead for forfeiture); see also Longaker v. Evans, 32 S.W.3d 725, 733 n.2 (Tex.
App.--San Antonio 2000, pet. withdrawn) (noting that Arce was inapplicable because
plaintiff did not seek fee forfeiture, but rather sought actual damages resulting from the
fiduciary's misconduct). 

 Even if we were to consider specific relief not sought in Alavi's pleadings, a
complaint must be presented to the trial court to be preserved for appellate review. See Tex.
R. App. P. 33.1(a)(1). Alavi's brief does not include any record cite that shows he brought
a fee forfeiture or benefit disgorgement remedy to the attention of the trial court. See Tex.
R. App. P. 38.1(h); Tex. R. App. P. 33.1(a)(1). Alavi sought damages as his remedy. 
Therefore, he was required to prove a compensable injury resulted from the breach. See
Home Loan Corp. v. Tex. Am. Title Co., 191 S.W.3d 728, 735 n.22 (Tex. App.--Houston
[14th Dist.] 2006, pet. filed) (noting that because plaintiff's claim for breach of fiduciary
duty sought only actual and punitive damages and not fee forfeiture, the lack of causation in
the case was dispositive). 

 Alavi claimed Engle breached his duty by not informing Alavi of WorldCom's alleged
plans to sell Twister if Twister could not be "rehabilitated." Engle breached his duty of
loyalty, Alavi argues, because Engle said that as a voting trustee his first duty was to
Twister's creditors. Alavi also relies on Engle's testimony that while Engle acted as voting
trustee, he wore "two hats" in that he was a trustee to Twister and a consultant to WorldCom. 

 Alavi acknowledged that Engle never exercised his voting rights with regard to the
shares. As voting trustee, Engle had the sole discretion to vote, to refrain from voting, or to
give or withhold consent with regard to Twister's shares for the election of the board of
directors. A corporation acts through its board of directors. Rivas v. Cantu, 37 S.W.3d 101,
114 (Tex. App.--Corpus Christi 2000, pet. denied). Twister's board of directors, including
Alavi, had the power to manage Twister. Alavi has not identified how Engle's actions in
refraining from voting the shares resulted in a decrease in value of Twister's stock or other
injury to Alavi personally. 

 Furthermore, a corporate shareholder has no individual cause of action for personal
damages caused solely by a wrong done to the corporation. Wingate v. Hajdik, 795 S.W.2d
717, 719 (Tex. 1990). To recover individually, a shareholder "must prove a personal cause
of action and personal injury." Id. This case, brought by Alavi individually, is an action to
recover for the depreciation in stock value. At trial, Alavi sought the fair market value of his
Twister stock when he transferred his voting stock to Engle. Generally, an individual
shareholder has no separate and independent right of action for wrongs to the corporation that
merely result in the depreciation in the value of his stock. Id. To recover for wrongs done
to the corporation, suit is generally brought in the name of the corporation so that each
shareholder will be made whole if the corporation obtains compensation from the wrongdoer. 
Faour v. Faour, 789 S.W.2d 620, 622 (Tex. App.--Texarkana 1990, writ denied). Alavi did
not assert a derivative cause of action on behalf of Twister, and Twister's claims were
resolved before trial.

 A court of appeals may not reverse a trial court's judgment on the ground that a trial
court made an error of law unless the error probably caused the rendition of an improper
judgment or probably prevented the appellant from presenting the case to the court of
appeals. See Tex. R. App. P. 44.1(a). Alavi failed to prove a separate, individually
compensable injury resulted from the alleged misconduct. Alavi contends that conditioning
the breach of duty question also misled the jury into concluding that WorldCom could not
conspire with Engle unless there was a confidential relationship. In the absence of evidence
Engle's conduct resulted in a compensable injury to Alavi, conditioning the breach of duty
question was not reversible error because the remedy sought here was damages. Under the
circumstances, the same take-nothing judgment denying the damage claims would have been
proper if the jury question had been submitted as Alavi requested. 

 We find no reversible error in the jury charge submission in this case. Appellant's two
issues are overruled. The judgment of the trial court is affirmed. 

 AFFIRMED.

 ___________________________

 DAVID GAULTNEY

 Justice


Submitted on November 16, 2006

Opinion Delivered February 1, 2007


Before McKeithen, C.J., Gaultney and Horton, J.J. 
1. Alavi does not present any arguments regarding the trial court's ruling on his causes
of action for fraud, statutory fraud, economic duress, conversion, joint enterprise, conspiracy
to defraud, conspiracy to commit economic duress, or conspiracy to commit conversion.
2. Twister's newly elected CEO, David Michael Smith, signed the agreement on
Twister's behalf.
3. The jury found, and Alavi concedes, that when Alavi signed the voting trust
agreement, he had full knowledge of the relationship between WorldCom and Engle. 
4. All members of the Alavi Interests, except Kamal Alavi, have dismissed their appeal. 
See Alavi v. MCI WorldCom Network Servs., Inc., Cause No. 09-05-364-CV, 2006 WL
2436613 (Tex. App.--Beaumont August 24, 2006, no pet.). 

5. Question number eight states, "Did a relationship of trust and confidence exist
between Bryan L. Engle, on the one hand, and Kamal Alavi and/or the Alavi Interests, on the
other hand?" Jury question number nine provides, "If you answered 'yes' to Question 8 as
to Kamal Alavi, then answer the following question. Otherwise, do not answer the following
question. . . . Did Bryan L. Engle fail to comply with his fiduciary duty to Kamal Alavi?"