Affirmed and Majority and Dissenting Opinions filed March 31, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-01073-CV

___________________

 

Robin Singh D/B/A Testmasters,
Appellant

 

V.

 

Duane Morris, L.L.P. and Richard T. Redano,
Appellees



 



 

On
Appeal from the 164th District Court

Harris County,
Texas



Trial Court Cause No. 2008-49090

 



 

 

DISSENTING OPINION

            Appellant Robin Singh has standing to seek damages
allegedly caused by the negligence of his former attorneys, appellees Richard
Redano and Duane Morris, L.L.P. (hereinafter collectively the “Attorneys”), and
the trial court has subject-matter jurisdiction over these claims.  Because this
court reaches the opposite conclusion, I respectfully dissent.

            Singh retained Redano, then a partner in Duane
Morris, L.L.P., to represent him in trademark-infringement litigation.  Singh claims
that the case was lost due to the Attorneys’ negligence. After the actions and
omissions alleged to constitute negligence occurred, Singh incorporated his
business as Robin Singh Educational Services, Inc. (“Singh Services”).
Following this incorporation on January 1, 2003, Singh filed suit against the
Attorneys to recover the damages he claims to have suffered as a result of their
alleged negligence.  Singh alleges that the Attorneys’ negligence severely
damaged his business and that he “has suffered and continues to suffer damages
in the form of lost revenue and profits associated with consumers being confused
out of taking his TESTMASTERS course.”  Singh also alleges that, as sole
shareholder of Singh Services, a subchapter S corporation, all lost profits of
Singh Services are losses suffered directly by Singh individually. Singh did
not limit the damages alleged in his petition to losses incurred by Singh
Services or to losses incurred after Singh Services’s incorporation.

            Today’s decision is premised on the majority’s
conclusions that (1) all of Singh’s alleged damages are based on losses
incurred by Singh Services and (2) Singh cannot recover in his individual
capacity based on alleged damages to Singh Services.  If the majority’s
conclusions were correct, then Singh’s negligence claims would fail on the
merits.  But these conclusions do not support the majority’s determination that
Singh has no standing to assert his negligence claims.  See Heartland
Holdings, Inc. v. U.S. Trust Co. of Tex. N.A., 316 S.W.3d 1, 7 (Tex.
App.—Houston [14th Dist.] 2010, no pet.); Ashford Partners, Ltd. v. ECO Res.,
Inc., No. 01-09-00809-CV, 2010 WL 2991118, at *3 (Tex. App.—Houston [1st
Dist.] Jul. 29, 2010, pet. filed) (mem. op.).  If Singh lacked standing to seek
recovery of the alleged negligence damages, then the trial court would lack
subject-matter jurisdiction over Singh’s claims.  See Heartland Holdings,
Inc., 316 S.W.3d at 7; Ashford Partners, Ltd., 2010 WL 2991118, at
*3.  But any inability of Singh to recover damages incurred by Singh Services
would go to the merits of Singh’s claims rather than to the trial court’s
jurisdiction.  See Heartland Holdings, Inc., 316 S.W.3d at 7; Ashford
Partners, Ltd., 2010 WL 2991118, at *3.  For this reason, this court should
not dispose of this case on jurisdictional grounds.

The
majority cites an opinion of the Supreme Court of Texas for the proposition
that the sole shareholder of a corporation “has no standing” to recover
personally for damages incurred by the corporation; but, in the cited case the high
court never uses the word “standing” and does not conclude that the trial court
lacked jurisdiction.  See Wingate v. Hajdik, 795 S.W.2d 717, 719 (Tex.
1990).  Instead, the high court states that the shareholder “cannot recover
damages personally for a wrong done solely to the corporation” and that the
shareholder has “no separate and independent right of action.”  Id.  By
treating this issue as one of standing and jurisdiction, the majority misses
the mark and reaches the wrong conclusion.

Singh
does not seek to recover personally for wrongs done to Singh Services; rather, Singh
seeks to recover for wrongs he claims to have suffered at the hands of the
Attorneys, whose negligence he alleges caused him to suffer the damages.  Singh
asserts no claims for or on behalf of Singh Services, nor does Singh seek to
recover damages that flowed from a wrong done to the corporation. Singh, not
Singh Services, was the client. If Singh Services had been the client, any
claims for injury to the corporation would be vested in Singh Services, as
distinguished from Singh.  But a claimed injury to the corporation is not the
scenario under review.  This key distinction is fundamental to the proper
resolution of the issue the court decides today.

The
majority makes a jurisdictional disposition based on a merits analysis. The
former is improper and the latter is premature. To succeed on a claim in his
individual capacity to recover damages he claims to have suffered as a result
of the Attorneys’ alleged negligence, Singh must discharge the burden to prove
his damages. But whatever problems Singh might encounter in proving his
damages, they are not jurisdictional. 

            This court errs in overruling Singh’s first
issue and in failing to address the remaining issues.  The trial court erred
when it granted summary judgment based on lack of standing.  This court errs in
concluding that Singh does not have standing to recover any of the damages he seeks
and in disposing of the entire case on this basis.  

             

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices
Anderson, Frost, and Brown. (Anderson, J., majority).