

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00209-CV

**SCHERTZ BANCSHARES CORPORATION**, Individually and d/b/a Schertz Bank & Trust, Schertz Bank & Trust, and Mustang Valley Estates Homeowners Association,
Appellants

v.

Scott **BURRIS**, Ashley Burris, Wayne Burris, Lee Burris, Kenneth Davis, Cece Davis, Amy Wilson, Mike Wilson, Daryl Green, Cathy Green, Ken Helgren, Michele Helgren, Robert Hudson, Cliff Jackson, Mamie Jackson, William Merrill, Tonya Spells, Quinton Perry, Angie Perry, Kenneth Shields, Tamara Shields, Latoya Siples, Clinton Siples, and Michelle Siples,
Appellees

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 12-1512-CV
Honorable William Old, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Beth Watkins, Justice

Delivered and Filed: January 2, 2020

AFFIRMED IN PART AND REMANDED; REVERSED IN PART AND RENDERED

The issue in this interlocutory appeal is whether appellees have standing to pursue a claim to enforce deed restrictions as well as claims for damages for the costs to construct and maintain common areas in a subdivision. We hold that appellees have standing to pursue only their enforcement claim. Therefore, we render judgment dismissing all of appellees' claims other than

their enforcement claim, and we remand the cause for further proceedings consistent with this opinion.

## BACKGROUND[1]

Santex Builders, LLC (Santex) developed a small residential subdivision in Guadalupe County, Texas, financed by Schertz Bank & Trust (SBT). Santex filed a plat and a declaration of covenants and restrictions in the real property records in connection with the development. The plat shows fifteen lots designated for homes and three lots reserved for "common areas." Two of the common-area lots are at the entrance to the subdivision; the third is a private street running through the subdivision. The plat provides for a gate at the entrance to be built on the common areas and states that the common-area lots will be owned and maintained by a homeowners' association. The declaration provides that Santex, or its successors and assigns, will deed the common-area lots to a homeowners' association, and the declaration gives the homeowners' association the responsibility to manage and financially support the common areas.

Santex sold several lots in the subdivision but eventually defaulted on its loan. Thereafter, SBT foreclosed on the unsold lots and the common-area lots. After foreclosure, Santex assigned its rights and powers under the declaration to SBT, and SBT purported to accept the assignment as to rights and powers but not as to Santex's liabilities. SBT then sold several remaining lots in the subdivision and sent a "Letter of Understanding" to lot purchasers, in which SBT agreed to construct an entry gate for the subdivision. SBT also formed a homeowners' association, as contemplated by the declaration. Consistent with the plat and declaration, SBT conveyed the common-area lots to the newly-formed homeowners' association.

---

[1] The dispositive facts are undisputed.

Appellees, who are homeowners in the subdivision, sued SBT, SBT's holding company, and the homeowners' association alleging that SBT failed to build a compliant entry gate and maintain the private street.[2] Appellees assert claims for negligence, fraud, violations of the Texas Deceptive Trade Practices Act, breach of fiduciary duty, and conspiracy. They seek damages in the amount of the costs to construct an entry gate and repave the private street. Appellees also assert a claim to enforce the plat and declaration obligations.[3]

Appellants are SBT, SBT's holding company, and the homeowners' association. They filed a plea to the jurisdiction and a motion for summary judgment, which, in part, reasserts appellants' jurisdictional arguments. Appellants argue that appellees lack standing to pursue their claims and, consequently, the trial court lacks subject-matter jurisdiction. The trial court denied appellants' plea and motion and granted permission for appellants to take an interlocutory appeal on the standing issue. This appeal followed.

## STANDARD OF REVIEW AND APPLICABLE LAW

Standing is a component of subject-matter jurisdiction that cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Whether the pleadings have alleged facts that affirmatively demonstrate subject-matter jurisdiction and whether undisputed evidence of jurisdictional facts establishes subject-matter jurisdiction are questions of law that we review *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

When the issue of standing is before the court, we must analyze the standing of each individual to bring each individual claim. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 152–53,

---

[2] Appellees include only those homeowners who purchased after SBT's foreclosure because the trial court dismissed those homeowners who purchased prior to foreclosure.

[3] Appellants contend that appellees seek only money damages for repair and construction of improvements to common areas; however, appellees also specifically pled an enforcement action. Appellees assert in their petition they "sue seeking enforcement of the plat and deed restrictions," and they point to the provisions in the plat requiring the homeowners' association to maintain the private street and entry gate.

155 (Tex. 2012). Each plaintiff must demonstrate standing separately for each form of relief sought. *Id.* at 155. An exception applies where multiple plaintiffs sue individually for injunctive or declaratory relief. *Id.* at 152 n.64. In such a case, the trial court must only assure itself that one plaintiff has standing to pursue as much or more relief than any of the other plaintiffs. *See id.*

"A person has standing to sue when he is personally aggrieved by the alleged wrong." *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex. App.—Dallas 2005, no pet.) (citing *Nootsie Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996)). "It is well-settled that an individual stakeholder in a legal entity does not have a right to recover personally for harms done to the legal entity." *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 360 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). "It is the nature of the wrong, whether directed against the entity only or against the individual stakeholder, and not the existence of injury, that determines who may sue." *Id.*

## DISCUSSION

We must address standing as to each claim and each form of relief sought. *See Heckman*, 369 S.W.3d at 152–53, 155. We first address those claims seeking damages for the costs to construct an entry gate and to repave the private street.[4] All of appellees' claims seek this measure of damages other than appellees' enforcement claim, which we consider separately below. Appellants argue that appellees lack standing because their claims concern an injury to the common areas and only the homeowners' association, as owner of the common areas, can seek redress for an injury to the common areas. We agree.

---

[4] According to appellees' brief: "The damages sought by [appellees] are damages to property in the subdivision that exists for the property owners['] benefit." Appellees do not seek individualized damages based on personal harm to any homeowner.

An individual stakeholder does not have a right to recover for harms done to a legal entity. *See Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990) ("A corporate stockholder cannot recover damages personally for a wrong done solely to the corporation, even though he may be injured by that wrong."); *Siddiqui*, 504 S.W.3d at 360 (holding a partner lacked standing to recover for damages sustained by a partnership). We have applied this rule—and a corresponding rule applicable to joint tenancy—to prohibit a condominium owner from suing for harm to common elements of the condominium building without joining cotenants. *See Myer v. Cuevas*, 119 S.W.3d 830, 835 (Tex. App.—San Antonio 2003, no pet.). Here, the private street and entryway are located on common areas belonging to the homeowners' association. The appellees, as subdivision homeowners, have no individual property rights in the common areas, and, without a direct ownership interest, appellees have no standing to sue for damages to the common areas. *See Wingate*, 795 S.W.2d at 719; *Mitchell v. LaFlamme*, 60 S.W.3d 123, 128 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding that recovery for damages done to common areas by a townhome association's failure to maintain the common areas belonged solely to the townhome association and unit owners could not sue for damages).

However, the rule that members of a legal entity cannot recover damages personally for wrong done solely to the entity does not prohibit a member from recovering for wrongs done to the member individually in violation of a duty arising from contract or otherwise. *See Wingate*, 795 S.W.2d at 719. Here, the declaration provides: "The right to enforce these provisions by injunction . . . is hereby vested in each owner of a lot in this subdivision, and in the Homeowners Association, its successors and assigns." In addition, SBT agreed in a "Letter of Understanding" to construct an entry gate for the subdivision. Under these circumstances, individual homeowners may have contractual rights to enforce plat and declaration obligations that are owed to the homeowners individually. Accordingly, appellees have standing to pursue their enforcement claim

based on personal enforcement rights. *See Wingate*, 795 S.W.2d at 719; *Houston Laureate Assocs., Ltd. v. Russell*, 504 S.W.3d 550, 557–58 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding that easement agreement conferred upon individual homeowners the contractual right to use an easement and that homeowners had standing to sue for injunctive relief to use the easement); *cf. Myer*, 119 S.W.3d at 836 (determining trial court did not err in dismissing complaints about violations of the declarations and bylaws of a condominium regime because the documents were not presented to the trial court). We do not decide the nature and extent of any enforcement rights appellees may have, but decide only that appellees have standing to pursue an enforcement claim.

## CONCLUSION

For the forgoing reasons, appellees lack standing to pursue their claims to recover for damages to the common areas. Therefore, the trial court erred in denying the appellants' plea to the jurisdiction and motion for summary judgment as to those claims, and we render judgment dismissing those claims for lack of subject-matter jurisdiction. *See* TEX. R. APP. P. 43.3 (rendition appropriate unless remand necessary). We hold that appellees only have standing to pursue their enforcement claim. Therefore, the trial court did not err by denying appellants' plea to the jurisdiction and motion for summary judgment as to appellees' enforcement claim. We remand the cause for further proceedings consistent with this opinion.

Rebeca C. Martinez, Justice