Bruce HUMPHREY, Appellant,

v.

AMERICAN MOTORISTS INSURANCE COMPANY, Appellee.

No. 11–02–00191–CV.

Court of Appeals of Texas, Eastland.

March 27, 2003.

Linda Thomson, Office of Linda Thomson, Fort Worth, for Appellant.

Mark Midkiff, Watson, Caraway, Harrington, Nelson, Midkiff & Luningham, Fort Worth, for Appellee.

Panel consists of ARNOT, C.J., and WRIGHT and McCall, JJ.

Opinion

TERRY McCALL, Justice.

This is a workers' compensation case. The parties had a contested case hearing before the Texas Workers' Compensation Commission (Commission) which determined that Bruce Humphrey, appellant, was not entitled to supplementary income benefits (SIBs) for the third, fourth, and fifth compensable quarters. The decision was affirmed by the Appeals Panel of the Commission. Appellant then filed suit for judicial review in district court. The jury determined that appellant had the ability to work during the third, fourth, and fifth compensable quarters; and the trial court entered a judgment that appellant was not

entitled to SIBs for the three quarters.[1] We affirm.

### Issues Presented

Appellant presents four issues on appeal. In his first issue, appellant claims that the trial court erred in allowing appellee's witness to testify. In his second and third issues, appellant challenges the factual and legal sufficiency of the evidence. In his fourth issue, appellant contends that the trial court committed reversible error in the jury charge.

### Background Facts

Appellant injured his back in the course and scope of his employment on June 2, 1994. American Motorists Insurance Company, appellee, provided workers' compensation insurance for appellant's employer. After paying appellant SIBs for the first, second, and part of the third quarter, appellee disputed that appellant was entitled to SIBs for the third, fourth, and fifth compensable quarters which ended January 28, 1998, April 29, 1998, and July 29, 1998, respectively. An employee who is not entitled to SIBs for 12 consecutive months ceases to be entitled to any additional income benefits for the compensable injury. TEX. LAB. CODE ANN. § 408.146(c) (Vernon 1996).

### Legal Sufficiency of the Evidence

 In appellant's third issue, appellant argues that there is no evidence to support the jury's verdict. To determine the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the prevailing party and in- dulge every reasonable inference in favor of the prevailing party. *Associated Indemnity Corporation v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285–86 (Tex.1998); *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997), *cert. den'd*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998); *Harbin v. Seale*, 461 S.W.2d 591, 592 (Tex.1970). Any evidence supporting the finding that is of probative value and that is more than a scintilla is legally sufficient to uphold the finding. *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex.1996); see *Merrell Dow Pharmaceuticals, Inc. v. Havner*, supra.

The only disputed issue at trial was whether appellant made a good-faith effort to obtain work. TEX. LAB. CODE ANN. § 408.142(a)(4) (Vernon 1996). Appellant did not seek employment and attempted to satisfy Section 408.142(a)(4) by claiming that he had no ability to work.[2] Texas Workers' Compensation Commission, Appeal No. 931147 (1994)(holding that, if claimant has no ability to work at all during the filing period, then seeking employment in good faith commensurate with this inability to work would be not to seek work at all). Evidence admitted during trial included a functional capacity evaluation (FCE) which said that appellant was qualified for the "sedentary" work category. The FCE report is some evidence that appellant had an ability to work. Appellant's third issue is overruled.

### Factual Sufficiency of the Evidence

 In his second issue, appellant claims that the jury's verdict is against the

---

1. At the contested case hearing, the other elements of TEX. LAB. CODE ANN. § 408.142(a) (Vernon 1996) were decided in appellant's favor and were not appealed.

2. The qualification periods of this suit were prior to January 31, 1999; therefore 28 TEX. ADMIN. CODE § 130.102(d)(4) (2003)(Texas Workers' Compensation Commission, Supplemental Income Benefits) does not apply. 28 TEX. ADMIN. CODE § 130.100 (2003)(Texas Workers' Compensation Commission, Supplemental Income Benefits).

great weight of the evidence. In determining the factual sufficiency of the evidence, we consider and weigh all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

The relevant evidence at trial consisted of deposition testimony by Dr. A.J. Morris, who testified that appellant was unable to work. Appellee entered deposition testimony of Dr. Morris from the prior contested case hearing that contradicted his trial deposition testimony. Appellee also attacked Dr. Morris's credibility by pointing out that Dr. Morris testified under oath at the contested case hearing in 1998 that he had decided not to do a FCE, but that Dr. Morris admitted in a later deposition that a FCE had been done prior to his testimony at the benefit contested case hearing. The FCE summary concluded that appellant was capable of "sedentary" work. The fact finder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. TEX. R.CIV.P. 226a(III); *Montgomery Independent School District v. Davis*, 34 S.W.3d 559, 567 (Tex.2000); *Jaffe Aircraft Corporation v. Carr*, 867 S.W.2d 27, 28 (Tex.1993); *Transmission Exchange Inc. v. Long*, 821 S.W.2d 265, 271 (Tex.App.-Houston [1st Dist.] 1991, writ den'd). We do not find that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Appellant's second issue is overruled.

*Testifying Witness*

■ Appellant complains in his first issue that the trial court erred in allowing

appellee's witness, Marilyn Houston, to testify because her testimony was not relevant and because it was prejudicial. We disagree.

The jury was asked to determine only one issue at trial: whether or not appellant had any ability to work. Appellant had three witnesses testify: Dr. Morris,[3] appellant, and Patsy Lee Cates. Dr. Morris testified about appellant's medical condition and expressed the opinion that appellant could not work. Appellant testified about how he was injured, the severity of his injury, and the amount of pain he suffered because of the injury. That appellant was severely injured was not contested by appellee, only that he had some ability to work. Cates, a licensed nurse who lived with appellant, testified as a fact witness about her observations of appellant's injuries.[4]

Appellee read excerpts from Dr. Morris's testimony in the prior contested case hearing which included Dr. Morris's denial that he had ordered a FCE and his statements that indicated that appellant was capable of some work. Houston, a vocation rehabilitation counselor, testified about meeting with Dr. Morris and discussing the desirability of a FCE exam for appellant. Houston pointed out that the summary section of the FCE report said that appellant was capable of "sedentary" work. She then explained the term "sedentary" to the jury. Houston's direct testimony was limited to explaining what a FCE is, how the FCE helps a vocation rehabilitation counselor assist a patient, and what the term "sedentary" means to a vocation rehabilitation counselor. Her testimony was part of the foundation to im-

---

3. Dr. Morris was unavailable for trial and testified through videotaped deposition.

4. Cates was not designated as an expert witness, and the trial court properly excluded her from giving an expert opinion. TEX. R.CIV.P. 193.6(a).

peach Dr. Morris. Houston's testimony was relevant.

Appellant also argues that Houston's testimony was prejudicial because Houston expressed an opinion on appellant's ability to work. This testimony was elicited on cross-examination by appellant; therefore, appellant cannot contend that it was error for Houston to have answered. See *Haley v. GPM Gas Corporation*, 80 S.W.3d 114 (Tex.App.-Amarillo 2002, no pet'n). The trial court did not err in allowing Houston to testify. Appellant's first issue is overruled.

## Jury Charge

■ The standard of review for charge error is whether the trial court abused its discretion, and error occurs only when the trial court acts without reference to any guiding principle. *Texas Department of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). TEX. R.CIV.P. 277 requires a trial court to submit "such instructions and definitions as shall be proper to enable the jury to render a verdict." This rule affords the trial court considerable discretion in deciding what instructions are necessary and proper in submitting issues to the jury. *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 451 (Tex.1997). For an instruction to be proper, it must: (1) assist the jury, (2) accurately state the law, and (3) find support in the pleadings and the evidence. *Steak & Ale of Texas, Inc. v. Borneman*, 62 S.W.3d 898, 904–05 (Tex.App.-Fort Worth 2001 no pet'n); *Owens–Corning Fiberglas Corporation v. Martin*, 942 S.W.2d 712, 721 (Tex.App.-Dallas 1997, no writ).

■ In his fourth issue, appellant contends that the trial court erred by including the following instruction in the jury charge:

You are instructed that the Appeals Panel of the Texas Workers' Compensation Commission affirmed the Contested Case Hearing Officer's Decision that the Claimant (Bruce Humphrey) was not entitled to supplemental income benefits for the 3rd, 4th, and 5th compensable quarters. The Appeals Panel found Claimant had some ability to work during each of the 3rd, 4th and 5th compensable quarters, but failed to make a good faith effort to obtain employment commensurate with his ability to work. That finding however is not binding on you as a trier of fact.

"Ability to work" is defined as the ability to obtain and retain employment.

You are instructed that if the employee has no ability to work that he has no duty to seek employment during the relevant qualifying periods.

*You are instructed that in determining whether the Plaintiff had any ability to work you are to consider whether he had any ability to do any job, not just his former position. In this respect, you are instructed that testimony the Plaintiff may not be able to perform "productive work," or "gainful employment" is insufficient to establish that he had no ability to work.* (Emphasis added)

During the charge conference, the trial court overruled appellant's objection that the underlined instruction did not accurately reflect the law.[5] The only issue during the trial was whether appellant had no ability to work at all.[6] See TEX. LAB.

---

5. The trial court was not presented with appellant's argument that the instruction was a comment on the evidence; thus, that issue was not preserved. TEX.R.CIV.P. 274; *Wilgus v. Bond*, 730 S.W.2d 670, 672 (Tex.1987).

6. Section 130.102(d)(4) does not apply.

CODE ANN. § 408.143 (Vernon 1996)(requiring claimant in good faith to seek employment commensurate with his ability to work); Texas Workers' Compensation Commission, Appeal No. 931147 (1994)(if claimant has no ability to work at all during the filing period, then seeking employment in good faith commensurate with this inability to work would be not to seek work at all). The Commission's Appeals Board rejected the argument that an ability to do "productive work" or "gainful employment" is necessary to have an ability to work. Texas Workers' Compensation Commission, Appeal No. 982745 (1998)(holding that an employee does not have to be able to perform "productive work" to require him to attempt in good faith to obtain employment commensurate with his ability to work); Texas Workers' Compensation Commission, Appeal No. 982376 (1998)(stating that "gainful employment" was not the standard which the 1989 Act imposes, and an inability to do "gainful employment" did not have to be equated to an inability to do any work). We note that this standard is also consistent with Section 130.102(d)(4).[7] We hold that the jury instruction, as given, is an accurate reflection of the law.

We also find that the instruction was helpful to the jury. At issue at trial was whether appellant had any ability to work. Testimony at trial included assertions that appellant was unable to perform "productive work" or "gainful employment." The instruction accurately stated that those standards are insufficient to find that appellant had no ability to work. The trial court did not abuse its discretion in including the instruction. Appellant's fourth issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

---

7. Section 130.102(d)(4) became effective January 31, 1999, and provides:

 An injured employee has made a good faith effort to obtain employment commensurate with the employee's ability to work if the employee has been unable to perform any type of work in any capacity, has provided a narrative report from a doctor which specifically explains how the injury causes a total inability to work, and no other records show that the injured employee is able to return to work.