Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

OLD REPUBLIC INSURANCE COMPANY,
)
 No. 08-03-00055-CV

)


 Appellant,
)
 Appeal from

)
 

v.
)
 County Court at Law No. 5

)


INEZ RODRIGUEZ,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 2000-068)


MEMORANDUM OPINION



 Old Republic Insurance Company appeals a judgment entered in favor of Inez Rodriguez.
We reverse the judgment of the trial court and render judgment affirming the decision of the Appeals
Panel.

FACTUAL SUMMARY


 Inez Rodriguez suffered an on-the-job injury to his left knee and low back on August 6, 1991
while employed at Asarco, Inc., in El Paso. He returned to full unrestricted work on January 11,
1993 and continued to work until April 16, 1993 when he sustained new compensable injuries to his
lower back and right shoulder. In August 1993, Rodriguez's left knee became painful again and one
of his doctors also took him off work for his 1991 injury. Rodriguez had surgery on his left knee in
January of 1995. Rodriguez has not worked since the 1993 injury and he has not sought
employment.

 The Texas Worker's Compensation Commission awarded an impairment rating of 15 percent
for the 1991 injury but determined that Rodriguez was entitled to supplemental income benefits for
the first compensable quarter. Rodriguez appealed the former issue while Old Republic disputed the
latter. The Appeals Panel affirmed the 15 percent impairment rating and found that Rodriguez was
not entitled to first quarter supplemental income benefits. Rodriguez appealed both issues to district
court and a jury found that Rodriguez's impairment rating was 30 percent and he was entitled to first
quarter supplemental income benefits. We affirmed the judgment by an opinion issued on March
31, 1998. Old Republic Insurance Company v. Rodriguez, 966 S.W.2d 208 (Tex.App.--El Paso
1998, no pet.).

 During the pendency of the litigation, twenty quarters of supplemental income benefits had
accrued. The filing periods were from April 13, 1994 to April 6, 1999. On May 15, 1998,
Rodriguez filed twenty applications or employee statements for supplemental income benefits. Old
Republic asserted a lack of good faith because Rodriguez had failed to seek work commensurate
with his ability. Further, Old Republic argued that Rodriguez had not timely filed his applications,
and therefore, it was relieved of liability for those quarters. A hearing officer determined that good
cause excused Rodriguez's failure to timely file the employee statements but Rodriguez had failed
to prove by a preponderance of the evidence that he had no ability to work. The Appeals Panel
affirmed the hearing officer's determination that Rodriguez had failed to prove he had no ability to
work. Texas Workers' Compensation Commission, Appeal No. 992362 (1999). Additionally, the
Appeals Panel found that there is no good cause exception pertinent to Section 408.143 of the Texas
Labor Code, and therefore, good cause did not exist to excuse Rodriguez's late filing of his SIB
applications. Rodriguez appealed to the district court. A jury found that Rodriguez had made a good
faith effort to obtain employment commensurate with his ability to work for each of the twenty
quarters. The trial court entered judgment in favor of Rodriguez, impliedly finding as a matter of
law that Rodriguez had timely filed his employee statements or was somehow excused from the
requirement that he do so. 

TIMELY FILING OF APPLICATIONS


 In Point of Error One, Old Republic argues that the trial court erred in overruling its motion
for directed verdict and motion for new trial because Rodriguez did not file his SIB applications in
the time period provided by Section 408.143 of the Texas Labor Code, and therefore, Old Republic
is relieved of liability for the supplemental income benefits. Section 408.143 of the Labor Code,
which is entitled "Employee Statement" provides as follows:

 (a) After the commission's initial determination of supplemental income benefits,
the employee must file a statement with the insurance carrier stating:


 (1) that the employee has earned less than 80 percent of the
employee's average weekly wage as a direct result of the employee's
impairment;


 (2) the amount of wages the employee earned in the filing period
provided by Subsection (b); and

 

 (3) that the employee has in good faith sought employment
commensurate with the employee's ability to work.


 (b) The statement required under this section must be filed quarterly on a form and
in the manner provided by the commission. The commission may modify the filing
period as appropriate to an individual case.


 (c) Failure to file a statement under this section relieves the insurance carrier of
liability for supplemental income benefits for the period during which a statement is
not filed.


Tex.Lab.Code Ann. § 408.143 (Vernon 1996).


 Under this section, an employee's entitlement to SIBs must be established on a quarterly
basis. The undisputed evidence at trial showed that Rodriguez filed the employee statements for all
twenty quarters on May 15, 1998. Thus, the employee statements for the 1st through 17th quarters
were filed late, (1) and the employee statements for the 18th, 19th, and 20th quarters were filed
prematurely. At any rate, the statements were not filed quarterly as required.

 Rodriguez argues that Section 408.143(c) does not apply for two reasons. First, he asserts
that he had permanently lost his entitlement to supplemental income benefits because he had lost his
entitlement to twelve consecutive months of SIBs. (2) Thus, Rodriguez reasons that he was relieved
of his obligation to file his quarterly employee statements under Section 408.143 until his right to
SIBs had been reinstated through the process of judicial review. Rodriguez did not make this
argument in his appeal to the Appeals Panel, and consequently, the Appeals Panel did not decide the
issue. Instead, Rodriguez argued only that he did not file the applications due to "confusion and
complications involved in this matter," an argument which the Appeals Panel squarely rejected
because Section 408.143 and the applicable SIBs rules did not provide for any exceptions. (4) Because
Rodriguez did not argue the inapplicability of Section 408.143 before the commission appeals panel,
he is not permitted to raise the issue in the district court or on appeal as a ground for affirming the
judgment of the trial court. See Tex.Lab.Code Ann. § 410.302 ("A trial under this subchapter is
limited to issues decided by the commission appeals panel and on which judicial review is sought. 
The pleadings must specifically set forth the determinations of the appeals panel by which the party
is aggrieved.").

 Second, Rodriguez argues that when his impairment rating was changed from 15 percent to
30 percent, the qualifying dates for his SIBs were also changed. According to Rodriguez, the Texas
Worker's Compensation Commission failed to recalculate the supplemental income benefits dates
based upon the 30 percent impairment rating and there is no rule or regulation in effect to address
the issue of timeliness when the Commission is at fault. Because Rodriguez did not present this
issue in the proceedings below, the Appeals Panel did not have an opportunity to address this
argument. Consequently, he is not permitted to raise it in the district court or on appeal. See
Tex.Lab.Code Ann. § 410.302. Even if Rodriguez had raised this issue before the Appeals Panel
for its decision, the argument is without merit. Rodriguez introduced into evidence Plaintiff's
Exhibit 1, a letter dated August 13, 1993. The letter informed Rodriguez that his impairment income
benefits would end on September 20, 1993, but he might qualify for supplemental income benefits
if he had received at least a 15 percent impairment rating, he had not returned to work, he had not
received any portion of his impairment income benefits in a lump sum, and he had attempted to
obtain employment that he is able to perform. The letter included an initial application for
supplemental income benefits and a quarterly request for supplemental income benefits. Further,
the letter warned that failure to file the statement relieved the carrier of liability for the SIBs. The
hearing officer for the Commission made an initial determination of eligibility on the 15 percent
impairment rating. Thus, Rodriguez was eligible to apply for SIBs regardless of the subsequent
change to his impairment rating. Further, there are no exceptions to the requirement that Rodriguez
file the employee statements quarterly.

 Pursuant to Section 408.143, Old Republic is relieved of liability for supplemental income
benefits for the 1st through 20th quarters. Point of Error One is sustained.

SUFFICIENCY OF THE EVIDENCE


 In Point of Error Two, Old Republic argues that there is no evidence that Rodriguez is
entitled to SIBs for the 1st through 20th quarters based on a total inability to work during the relevant
filing periods, April 13, 1994 through April 6, 1999. (5) An employee is entitled to supplemental
income benefits if on the expiration of the impairment income benefit period computed under
Section 410.121(a)(1), the employee:

 (1) has an impairment rating of 15 percent or more as determined by this subtitle
from the compensable injury;


 (2) has not returned to work or has returned to work earning less than 80 percent of
the employee's average weekly wage as a direct result of the employee's impairment; 


 (3) has not elected to commute a portion of the impairment income benefit under
Section 408.128; and


 (4) has attempted in good faith to obtain employment compensation with the
employee's ability to work.


Tex.Lab.Code Ann. § 408.142.


 It is undisputed that Rodriguez did not seek employment following his 1991 injury. 
Therefore, in order to be entitled to SIBs, Rodriguez had to prove a total inability to work. See
Humphrey v. American Motorists Insurance Company, 102 S.W.3d 811, 813 (Tex.App.--Eastland
2003, pet. denied), citing Texas Workers' Compensation Commission, Appeal No. 931147
(1994)(holding that if claimant has no ability to work at all during the filing period, then seeking
employment in good faith commensurate with this inability to work would be not to seek work at
all). A finding of no ability to work must be based on medical evidence or be so obvious as to be
irrefutable. Texas Workers' Compensation Commission, Appeal No. 950173 (1995). Further, the
claimed inability to work is judged against employment generally, not just the previous job where
the injury occurred. Texas Workers' Compensation Commission, Appeal No. 941334 (1994). 

Legal Sufficiency


 A "no evidence" or legal insufficiency point is a question of law which challenges the legal
sufficiency of the evidence to support a particular fact-finding. In the Interest of De La Pena, 999
S.W.2d 521, 532 (Tex.App.--El Paso 1999, no pet.). When reviewing the legal sufficiency of the
evidence, we consider only the evidence and inferences tending to support the challenged finding,
disregarding all contrary evidence and inferences. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex.
2001); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). If any probative evidence supports the
finding, the jury's verdict must be upheld. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430
(Tex. 1997).

Review of the Evidence


 The issue before us is whether Rodriguez proved by legally sufficient evidence that he had
no ability to work from April 13, 1994 through April 6, 1999. Although Rodriguez testified that he
did not look for work because he was unable to work at all during the qualifying periods for the 1st
through 20th quarters, his testimony, standing alone, is insufficient to support the jury's finding. We
review the evidence to determine whether there is some medical evidence supporting his claim or
whether the evidence is such that the inability to work is so obvious as to be irrefutable.

 Following his 1991 injury, Rodriguez's doctor gave him a full release and he returned to
work on January 11, 1993. On April 16, 1993, Rodriguez suffered new compensable injuries to his
lower back and shoulder. His 1991 left knee injury was essentially well according to the report of
his physician, Dr. Arthur Bieganowski. However, in August 1993, Rodriguez began to experience
pain in his left knee and he consulted with Dr. Mario Palafox who took him off work as of August
19, 1993 due to pain in his left knee and lower back. An MRI of Rodriguez's left knee revealed
arthropathic destruction of the lateral compartment. Consequently, in October of 1993, Dr. Palafox
referred Rodriguez to Dr. Thomas Alost for knee surgery. In a document dated November 9, 1993,
Dr. Palafox stated his opinion that surgery was necessary in order for Rodriguez to return to "any
type of work." Dr. Alost performed surgery on the left knee in May of 1994 and he anticipated that
Rodriguez could return to unrestricted duty on July 2, 1994. However, there is no evidence that Dr.
Alost actually released Rodriguez to work until January 12, 1995. Rodriguez did not seek additional
medical attention for his left knee until July 15, 1999 when he saw Dr. Joseph Neustein. 

 Given Dr. Palafox's remark that Rodriguez could not perform any type of work until knee
surgery was performed and Dr. Alost did not release Rodriguez until January 12, 1995, there is some
evidence that Rodriguez had no ability to work from November 9, 1993 until January 12, 1995. 
Rodriguez failed, however, to prove that he had no ability to work between January 12, 1995 and
April 6, 1999. Accordingly, Point of Error Two is overruled in part and sustained in part. Having
determined that Rodriguez did not timely file his employee statements for the 1st through 20th
quarters, and further finding that the evidence is legally insufficient to prove that Rodriguez had no
ability to work during the 5th through 20th quarters, we reverse the judgment of the trial court and
render judgment affirming the decision of the Appeals Panel.



April 29, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.
1. The 17th quarter covered the time period from April 8, 1998 through July 7, 1998. The due date for filing
the employee statement was April 7, 1998.
2. In support of his argument, Rodriguez cites Rule 130.106 of the TWCC Rules which states: 


 Except as provided in §130.109 of this title (relating to Reinstatement of Entitlement if Discharged
with Intent to Deprive of Supplemental Income Benefits), an injured employee who is not entitled to
supplemental income benefits for a period of 12 consecutive months permanently loses entitlement
to such benefits. (3)
3. Rodriguez included the text of this rule in an appendix attached to his brief. 
4. As noted in the Appeals Panel decision, the SIBs rules have since been amended to provide for three
exceptions to the timely filing requirement, but the exceptions do not include confusion or complications as good cause. 
Texas Workers' Compensation Commission, 28 Tex.Admin. Code § 130.105 (Rule 130.105).
5. Old Republic also challenges the factual sufficiency of the evidence to support this same finding. Given our
resolution of the legal sufficiency issue, it is unnecessary to review factual sufficiency.