Josefa GONZALEZ, Irene Gonzalez, Jose Gonzalez, and Gonzalez Family, L.P., Appellants,

v.

GREYHOUND LINES, INC., Craig R. Lentzsch, Jack W. Haugsland, Jeff W. Sanders, Frederick F. Richards, Mark E. Southerst, Floyd Holland, Richard J. Caley, Linda Chavez, Al A. Meitz, Frank L. Nageotte, Alfred E. Osborne, Jr., Stephen M. Peck, Thomas G. Plaskett, Ernest P. Werlin, Chris Enserberger, Directors, Luis Venegas, Mal Acosta, Tony Peralta, Norberto Hernandez, Nick Flori, Van Brown, Charles Brown, Alfonso Penedo, Indiv. and As President of Sistema Internacional De Transporte De Autobuses, Inc., and Sistema Internacional De Autobuses, Inc., Appellees.

No. 08–04–00033–CV.

Court of Appeals of Texas, El Paso.

Aug. 4, 2005.

Rehearing Overruled Sept. 7, 2005.

Jeffrey B. Pownell, Scherr, Legate & Ehrlich, PLLC, El Paso, for Appellants.

James Albert Jennings, Dallas, for Appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

Appellants Josefa Gonzalez, Irene Gonzalez, Jose Gonzalez, and Appellant Gonzalez Family L.P. appeal the trial court's order dismissing for lack of subject matter jurisdiction their suit against Appellees Greyhound Lines, Inc. ("GLI"), Sistema Internacional de Transporte de Autobuses, Inc. ("SITA"), and other named defendants. Appellants argue on appeal that the trial court erred in granting the defendants' plea to the jurisdiction and dismissing the case. Because jurisdictional evidence showed that Appellants lack standing to sue, we conclude the trial court did not err in determining it lacked subject matter jurisdiction and therefore, we affirm the trial court's order.

On July 21, 2003, Appellant Gonzalez Family L.P. and Appellants Josefa Gonzalez, Irene Gonzalez, Jose Gonzalez, as limited partners in Gonzalez Family, L.P., filed suit against GLI, SITA, and other named defendants,[1] who included the directors of GLI, various GLI terminal managers, and the president of SITA, individually and as president of SITA. In their petition, the Appellants alleged that over the course of twenty years the Gonzalez family had built a prosperous and expanding interstate bus service company, Gonzalez, Inc. d/b/a Golden State, which had yearly sales of approximately nine million dollars. According to the petition, Appellant Gonzalez Family, L.P. held the controlling stock interest in Golden State. In 1998, the president of GLI approached the Gonzalez family to purchase controlling stock in Golden State. SITA, GLI's wholly owned non-carrier holding company, acquired the controlling stock interest in Golden State. Appellants alleged that soon thereafter the defendants began diverting Golden State customers in El Paso to GLI and GLI subsidiaries' facilities. Appellants claimed that these actions "resulted in interference and depreciation of

---

1. Appellants brought suit against twenty-six defendants. At the time of the hearings on the plea to the jurisdiction, not all of the defendants had been served. Appellees are those defendants that were served with process and appeared in the trial court.

[their] real estate in El Paso, TX as well as in the depreciation of Golden State's assets." The Appellants alleged that similar acts occurred in other cities as well and they further complained that Gonzalez family members were wrongfully removed from their respective managerial positions. The Appellants further alleged that the defendants acquired Golden State's customers and assets with the intent to eliminate and bankrupt the now-defunct Golden State. In their petition, the Appellants asserted the following causes of action *inter alia* against the defendants: civil conspiracy, conspiracy in restraint of trade, fraudulent transfer, breach of fiduciary duty, fraud, fraudulent inducement, statutory fraud, wrongful interference with prospective contractual or business relations, member oppression, and unjust enrichment.

On September 12, 2003, Appellees GLI and SITA separately filed pleadings containing a plea to the jurisdiction, subject to a suggestion of bankruptcy, plea in bar, plea in abatement, and subject to original answer, verified denials and pleas, and affirmative defenses.[2] The Appellees who were represented by the same counsel argued *inter alia* that the trial court lacked subject matter jurisdiction because the alleged causes of action were owned by the debtor, Golden State Transportation, and therefore were a part of the bankruptcy estate which was under the continuing exclusive jurisdiction of the United States Bankruptcy Court in Arizona. As such, Appellees argued, Appellant's claims as equity owners were barred by the bankruptcy automatic stay and the Appellants also lacked standing to sue on their own. Appellees also argued that Appellants Josefa Gonzalez, Irene Gonzalez, and Jose Gonzalez lacked standing and legal authority to

assert claims for and on behalf of Appellant Gonzalez Family, L.P. because they are limited partners in that limited partnership, which could only sue through its general partner, who was not identified as a plaintiff in the petition. Moreover, Appellees asserted that regardless, "Gonzalez Family, L.P." did not have standing to sue because the only limited partnership that arguably owned any interest in Golden State was a different entity—a limited partnership with a different name: "Francisco and Josefa Gonzalez Family Partnership, L.P."

Appellees each attached the Stock Purchase Agreement as an exhibit to their pleas. Pursuant to this Agreement, entered on September 24, 1997 between SITA, Golden State, and Francisco and Josefa Gonzalez Family Partnership, L.P. and its partners, Francisco and Josefa Gonzalez Family Partnership, L.P. sold to SITA 41.2 percent of its common stock in Golden State for 4.1 million dollars. Under the Agreement SITA also acquired from Golden State an additional 4,800 shares of newly issued shares of common stock for 2 million dollars. Francisco Gonzalez, Trustee for the Francisco and Josefa Gonzalez Trust, executed the Agreement on behalf of the seller Francisco and Josefa Gonzalez Family Partnership, L.P.

In response to the plea to the jurisdiction, Appellants informed the trial court that Appellees GLI and SITA had filed an adversary proceeding for injunctive relief in the pending Chapter 11 bankruptcy case for Gonzalez, Inc. d/b/a Golden State in the Arizona Bankruptcy Court, alleging that Appellants' instant state court lawsuit asserted claims that were the property of the Golden State bankruptcy estate, and as such was litigation that violated the automatic stay under 11 U.S.C. § 362. Appel-

---

**2.** Appellees filed virtually identical pleadings. Their pleadings also contained a verified denial as to a defect in parties-Plaintiffs pursuant to TEX.R.CIV.P. 93(4).

lants argued that the trial court had jurisdiction of their asserted claims until the Bankruptcy Court determined whether to impose a stay upon them in the pending adversary proceeding. Appellants also argued that the lawsuit should be abated if the Bankruptcy Court determined that the stay was applicable.

On October 2, 2003, the trial court held its first hearing on the Appellees' plea to the jurisdiction. At the hearing, Appellees contended that Gonzalez Family L.P. was not the same entity as Francisco and Josefa Gonzalez Family Partnership, L.P., that the correct partnership and its general partner were not named in the lawsuit, and that all the causes of action asserted belonged to Golden State or were derivative claims which only a shareholder could bring after fulfilling certain statutory requirements. After hearing counsels' arguments, the trial court decided to continue the hearing until after the date of the injunction proceeding in the Bankruptcy Court.

On November 20, 2003, the trial court held a second hearing on the Appellees' plea to the jurisdiction.[3] At the hearing, the trial court was informed that the Bankruptcy Court in Arizona had enjoined the majority of the causes of action asserted in Appellants' state court lawsuit with the exception of Appellants' causes of action for fraud, fraudulent inducement, and statutory fraud, and the wrongful termination claim contained with their alleged member oppression claim. Appellees maintained their contention that the trial court lacked jurisdiction to hear even the remaining non-estate causes of actions because the Appellants were not the proper plaintiffs and therefore lacked standing to sue them. Appellees again argued that the purported limited partnership was not correctly named, was not the same limited partnership as that listed in the Stock Purchase Agreement, and that the Gonzalezes listed as plaintiffs in the case did not have standing to sue in the capacities they alleged. In response, Appellants argued that they had individual standing to bring the suit because they had alleged a direct injury caused by the defendants' wrongful conduct. Appellants also argued that the issue of their capacity to sue was not jurisdictional. After the hearing, the trial court granted Appellees' plea to the jurisdiction and dismissed the case for want of jurisdiction.

In a single issue, Appellants argue that the trial court erred in granting Appellees' plea to the jurisdiction because their non-estate causes of action were not barred by the Bankruptcy Court's automatic stay and they had alleged facts that affirmatively demonstrated the trial court's subject matter jurisdiction over the entire case. Appellants also assert that with respect to Appellant Gonzalez Family, L.P., the alleged pleading defect in the plaintiff name and the absence of the general partner as a plaintiff involved the issue of the limited partnership's capacity to sue, not the issue of its standing. In addition, Appellant argue that any alleged pleading defect could have been cured by amendment of the pleadings.

### Standard of Review

■■■■ A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claim asserted has merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d

---

**3.** Four additional named defendants, Tony Peralta, Van Brown, Craig Lentzsch, and Mark Southerst, appeared and were represented by the same counsel as Appellees at the November 20 hearing. As already noted, all the Appellees filed virtually identical pleas to the jurisdiction.

547, 554 (Tex.2000). A party may challenge a court's subject-matter jurisdiction by filing a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638–39 (Tex.1999). Whether the trial court has subject matter jurisdiction is a question of law which we examine under a *de novo* standard of review. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998).

The plaintiff has the burden to allege facts that affirmatively show the trial court's jurisdiction to hear the case. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). The purpose of the plea is not to force a plaintiff to preview his case on the merits, but rather to establish a reason why the merits of the plaintiff's claims should never be reached. *Blue,* 34 S.W.3d at 554. We construe the pleadings liberally in favor of jurisdiction and look to the pleader's intent. *See Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* A court deciding a plea to the jurisdiction, however, is not required to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Blue,* 34 S.W.3d at 555.

First, we turn to the question of whether the Appellants had standing to maintain their suit against the defendants. To determine whether Appellants affirmatively demonstrated the trial court's jurisdiction to hear the case, we consider the facts alleged in their petition, and any evidence submitted to the trial court which is pertinent to the jurisdictional issue. *See Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001).

Standing is a component of subject matter jurisdiction, which we consider under the same standard by which we review subject matter jurisdiction generally. *Tex. Ass'n of Bus.,* 852 S.W.2d at 445–46. A party has standing if it has a justiciable interest in the suit or a personal stake in the controversy. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex.1996); *Tex. Ass'n of Bus.,* 852 S.W.2d at 444. In contrast, a party has capacity when it has the legal authority to act, whether it has standing or not. *See Nootsie, Ltd.,* 925 S.W.2d at 661. A challenge to who owns a claim raises the issue of capacity, not standing, and therefore does not implicate the trial court's subject matter jurisdiction. *See Nootsie, Ltd.,* 925 S.W.2d at 662; *Pledger v. Schoellkopf,* 762 S.W.2d 145, 145–46 (Tex.1988)(per curiam).

Appellees asserted in their plea to the jurisdiction that Appellants Josefa Gonzalez, Irene Gonzalez, and Jose Gonzalez, as limited partners in Appellant Gonzalez Family, L.P., lacked standing and capacity to assert its claims on behalf of that entity. Appellees also argued that Appellant Gonzalez Family, L.P. had no standing to sue because it was not the same limited partnership that had sold a controlling interest in Golden State pursuant to the Stock Purchase Agreement. As jurisdictional evidence, Appellant admitted the Stock Purchase Agreement, which showed only Francisco and Josefa Gonzalez Family Partnership, L.P. and Golden State as the sellers of stock in Golden State to SITA. The agreement also listed the following individuals as [limited] partners in Fran-

cisco and Josefa Gonzalez Family Partnership, L.P.: Antonio Gonzalez, Francisco Gonzalez, Josefa Gonzalez, Enrique Gonzalez, Jose Gonzalez, Ismael Gonzalez, and Irene Gonzalez.

In the original petition, Appellants Josefa Gonzalez, Irene Gonzalez, and Jose Gonzalez only identified themselves as "the limited partners" in Gonzalez Family, L.P., an entity which they alleged held the stock interest in Gonzalez Inc., d/b/a Golden State. The three remaining causes of action designated as non-estate causes of action, that is, not subject to the Bankruptcy Court automatic stay were: fraud, fraudulent inducement, statutory fraud, and the wrongful termination claim under the member oppression allegation. In their petition, Appellants alleged that the defendants had committed fraud and fraudulent inducement by making material representations without which Appellants would never have sold stock in Golden State to Greyhound and/or its subsidiaries. Alternatively, Appellants alleged that the defendants had committed statutory fraud as defined in TEX.BUS. & COM.CODE ANN. § 27.01.[4] In their member oppression claim, Appellants alleged that the defendants had committed member oppression *inter alia* by wrongfully terminating Appellants from their management positions and by fraudulently mismanaging Golden State to their detriment.[5]

*Standing of Appellants Josefa Gonzalez, Irene Gonzalez, and Jose Gonzalez*

On appeal, Appellants assert that Appellants Josefa Gonzalez, Irene Gonzalez, and Jose Gonzalez had standing to sue the defendants in their capacities as individual plaintiffs, and therefore, the trial court had subject matter jurisdiction over the case. However, it is evident from Appellants' petition that Appellants Josefa Gonzalez, Irene Gonzalez, and Jose Gonzalez expressly sued in their capacities as limited partners in the named limited partnership, Gonzalez Family, L.P., not in their individual capacities, and thus, intended to bring a derivative action on behalf of the limited partnership.[6] While we

---

4. Section 27.01 of the Texas Business and Commerce Code establishes a statutory cause of action for fraud in transactions involving real estate or stock in a corporation or joint stock company. *See* TEX.BUS. & COM. CODE ANN. § 27.01(a)(Vernon 2002). The statute provides that a false representation of a past or existing material fact constitutes fraud when it is made to a person for the purpose of inducing that person to enter into a contract and it is relied upon by that person in entering into that contract. *See id.* In addition, a false promise to do an act constitutes fraud when the false promise is material, is made with the intention of not fulfilling it, made to a person for the purpose of inducing that person to enter into a contract, and relied on by that person in entering that contract. *See id.*

5. A member oppression claim may exist when: (1) a majority shareholder's conduct substantially defeats the minority's expectations that objectively viewed, were both rea-

sonable under the circumstances and central to the minority shareholder's decision to join the venture; or (2) burdensome, harsh, or wrongful conduct, a lack of probity and fair dealing in the company's affairs to the prejudice of some members, or a visible departure from the standards of fair dealing, and a violation of fair play on which every shareholder who entrusts his money to a company is entitled to rely. *Pinnacle Data Services, Inc. v. Gillen*, 104 S.W.3d 188, 196 (Tex. App.—Texarkana 2003, no pet.); *see also Davis v. Sheerin*, 754 S.W.2d 375, 381–82 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *see also* TEX.BUS.CORP.ACT ANN. art. 7.05 (Vernon 2003)(court may appoint a receiver for the assets and business of a corporation when the acts of the directors or those in control of the corporation are illegal, oppressive, or fraudulent).

6. A limited partner may bring a derivative action on behalf of a limited partnership. *See* TEX.REV.CIV.STAT.ANN. art. 6132a-1,

observe that Josefa Gonzalez, Irene Gonzalez, and Jose Gonzalez were named in the stock purchase agreement, their status in the underlying transaction was as limited partners, not as individual sellers. Thus, their standing to sue with respect to that stock transaction between Francisco and Josefa Gonzalez Family Partnership, L.P. and SITA exists by virtue of their status as limited partners in that entity, which was not named as a party-plaintiff in their lawsuit. Despite Appellants' contention that the named individuals intended to plead personal actions against the defendants, their pleading clearly negates that purported intention.

### Standing of Appellant Gonzalez Family, L.P.

We next consider whether Appellants' pleading and the admitted jurisdictional evidence showed that Appellant Gonzalez Family, L.P. had standing to sue the defendants. Appellants argue that alleged pleading defects of incorrectly naming the limited partnership and failure to have the general partner bring the lawsuit, at most went to the question of capacity to sue, not standing. Further, Appellants assert that these alleged defects could have been cured by amendment of the pleadings to confer subject matter jurisdiction on the trial court. We disagree.

By verified denial, Appellees asserted a defect in the plaintiff-parties pursuant to TEX.R.CIV.P. 93(4). In their plea to the jurisdiction, Appellees contended that Appellant Gonzalez Family, L.P. had no standing to sue because it was not the same limited partnership listed as seller of the controlling interest in Golden State stock in the stock purchase agreement.

We note that Appellants argued at the hearings that Appellant Gonzalez Family, L.P. was the correct plaintiff, however, there is nothing in the record that indicates it was the same limited partnership that was represented in the Stock Purchase Agreement. Rather, the jurisdictional evidence presented established that there were only two sellers of Golden State stock, Francisco and Josefa Gonzalez Family Partnership, L.P.

■ Under Texas law, there is a distinction drawn between misnomer and misidentification, with particular consequences for tolling of limitations. See Enserch Corp. v. Parker, 794 S.W.2d 2, 4–5 (Tex.1990). Misnomer occurs where the plaintiff misnames either itself or the correct defendant, but the correct parties are involved. Id. Misidentification, on the other hand, occurs when two separate legal entities with similar names actually exist and the plaintiff sues the wrong one because he is mistaken about which entity is the correct defendant. Chilkewitz v. Hyson, 22 S.W.3d 825, 828 (Tex.1999); Enserch Corp., 794 S.W.2d at 4–5. While the alleged pleading defect may well be a case of misnomer, the jurisdictional evidence standing alone indicates that a separate legal entity other than "Gonzalez Family, L.P." was the limited partnership involved in the stock transaction. As such, we conclude that Appellant Gonzalez Family, L.P. lacked standing to sue the defendants. Since the Appellants collectively lacked standing to sue the defendants in their lawsuit, their petition could not be amended to confer subject matter jurisdiction on the trial court. We overrule Appellant's sole issue on appeal.

§ 10.01 (Vernon Supp.2004–05). However, the statute requires that the petition, set forth with particularity the effort made to secure initiation of the action by a general partner or the reason for not making the effort. See TEX.REV.CIV.STAT.ANN. art. 6132a–1, § 10.03.

For the reasons stated above, we affirm the trial court's order of dismissal.