

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

### NO. 2-07-257-CV

---

R2 ENTERPRISES, INC.                                    APPELLANTS
AND TED REEVES

V.

VERNON WHIPPLE                                          APPELLEE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This case involves a dispute between one of the limited partners of a limited partnership and the other limited partner and the general partner of the limited partnership. In one issue with multiple subparts, appellants R2 Enterprises, Inc., the general partner of Rivendell Luxury Homes, L.P., and Ted Reeves, one of two limited partners, challenge the trial court's judgment granting appellee Vernon Whipple's motion for judgment notwithstanding the

---

[1] *See* TEX. R. APP. P. 47.4.

verdict (JNOV) and rendering a take-nothing judgment in Whipple's favor. We affirm.

## Background Facts

In February 2004, Whipple and Reeves decided to form a limited partnership to build and sell homes in the Taylor Oaks Estates subdivision in Double Oak, Denton County, Texas. Whipple had been involved in the construction business for many years, and Reeves was looking for an investment opportunity. Whipple and Reeves signed a limited partnership agreement, which provided that each would own a 49.5% limited partnership interest in Rivendell. The general partner, R2 Enterprises, was owned solely by Reeves, and owned a one percent interest in Rivendell.

Rivendell entered into an option contract with Taylor Estates Partners, Ltd., owned by Ken Hodge, the developer of the subdivision, in which Rivendell agreed to purchase four lots each year for three years, a total of twelve lots. Rivendell purchased one of the lots and built a home on it. It also built a home on another lot that it did not purchase from Taylor Estates Partners. After Rivendell sold both homes and before it could purchase any of the remaining lots under contract, Whipple withdrew approximately $89,000 from Rivendell's accounts; he testified at trial that he was finished working with Reeves and wanted to dissolve Rivendell. Reeves, concerned that Rivendell was going to

2

lose the earnest money that it had put down on the remaining eleven lots under contract, entered into a deal with Hodge in which Reeves individually purchased the three lots that Rivendell was obligated to buy that year with Hodge applying the earnest money from the remaining eight lots to the purchase of the three lots. However, Hodge also required Reeves to sign a waiver of his and Rivendell's right to purchase the remaining eight lots under contract. Reeves financed the purchase of the three lots with his own money. Although Reeves never built on the lots, he eventually was able to sell them to a third party builder.

Whipple testified at trial that with the money he withdrew from Rivendell's accounts, he first paid off several subcontractors and vendors whom Reeves had not paid for construction of one of the Rivendell houses; he then invested the remaining money in a company called Restored Investments, LLC, a rental property business. Restored Investments also purchased the eight remaining lots from Taylor Estates Partners; Whipple built homes on those lots. According to Whipple, none of the money from Rivendell's accounts was used in the purchase of and construction on the eight lots.

Reeves and R2 Enterprises sued Whipple in March 2005, alleging causes of action for breach of the limited partnership agreement, tortious interference with existing and future contracts, conversion, breach of fiduciary duty, and

3

breach of loyalty; they later added a claim for fraudulent transfer of the money Whipple withdrew from Rivendell's accounts. They pled for actual and exemplary damages, the imposition of a constructive trust, and attorney's fees. Whipple answered and counterclaimed for a partnership accounting, a derivative action on behalf of Rivendell for breach of fiduciary duty, misappropriation and conversion, judicial dissolution of Rivendell, trespass to try title, injunctive relief, and attorney's fees.

A jury trial began on January 8, 2007. On the second day, the trial court allowed a trial amendment adding Rivendell as a plaintiff for purposes of the breach of fiduciary duty, tortious interference, and conversion claims. The jury awarded Reeves $297,000 and R2 Enterprises $5,973 in future damages for Whipple's breach of the limited partnership agreement and the same amounts for Whipple's breach of fiduciary duty. The jury also found that Whipple had breached a fiduciary duty to Rivendell, intentionally interfered with Rivendell's option contracts, and converted Rivendell's property, but it also found that Rivendell had not suffered any damages as a result.[2] The jury also found that Reeves and R2 Enterprises were entitled to $500,000 each as exemplary

---

[2] The trial court had rendered a directed verdict as to the constructive trust, fraudulent transfer, tortious interference with future contracts, and conversion claims.

damages; however, although the jury found that Whipple acted with malice toward Rivendell, it did not award Rivendell any exemplary damages. Finally, the jury awarded Reeves and R2 Enterprises $75,000 in attorney's fees. The jury found against Whipple on all of his counterclaims.

The trial court rendered a final judgment on March 14, 2007, which incorporated the jury's verdict in all respects, except that it ordered the exemplary damages awards reduced to $150,000 for Reeves and $100,000 for R2 Enterprises. Whipple filed a timely motion for new trial and motion for JNOV. In his motion for JNOV, Whipple argued, among other things, that Reeves and R2 Enterprises were not entitled to the future damages awarded by the jury—which were based on the projected cash distributions Reeves and R2 Enterprises would have received had Rivendell been able to develop the remaining eight lots under the option contract with Taylor Estates Partners—because by signing the release, Reeves waived the right to purchase those lots. Whipple also argued that Reeves and R2 Enterprises did not have standing or capacity to recover damages, that only Rivendell had such standing, and that as a matter of law Whipple owed no fiduciary duty to Reeves and R2 Enterprises. The trial court agreed with Whipple's waiver argument, granted Whipple's motion for JNOV, vacated its March 14, 2007 judgment, and

5

rendered a take nothing judgment in Whipple's favor on all claims. Reeves and R2 Enterprises appeal.

## Issues Presented

Reeves and R2 Enterprises present the following issue: "Did the trial court err in granting the motion for JNOV and ordering the remittitur of $750,000.00 in punitive damages?" This broad issue has multiple subparts, including whether the trial court correctly concluded that Reeves had waived any future damages for himself and R2 Enterprises by waiving Rivendell's claim to the remaining eight lots under the option contract, whether the JNOV was proper based on Whipple's standing and capacity claims, whether the jury correctly determined that Whipple breached a fiduciary duty to Reeves and R2 Enterprises, and whether the trial court erred in granting a remittitur of the exemplary damages awards. We address the standing issue first because it is dispositive.[3]

---

[3] Although Whipple challenged Reeves's standing in his pleadings, he did not raise R2 Enterprises's standing until after trial. However, because standing is a component of subject matter jurisdiction, it cannot be waived and may be raised for the first time on appeal by the parties or the court. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *City of Arlington v. Centerfolds, Inc*., 232 S.W.3d 238, 244 (Tex. App.—Fort Worth 2007, pet. denied).

**Standard of Review**

A trial court may disregard a jury verdict and render JNOV if no evidence supports the jury findings on issues necessary to liability or if a directed verdict would have been proper. *See* TEX. R. CIV. P. 301; *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003); *Fort Bend County Drainage Dist. v. Sbrusch,* 818 S.W.2d 392, 394 (Tex. 1991). A directed verdict is proper only under limited circumstances: (1) when the evidence conclusively establishes the right of the movant to judgment or negates the right of the opponent; or (2) when the evidence is insufficient to raise a material fact issue. *Prudential Ins. Co. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000); *Ray v. McFarland,* 97 S.W.3d 728, 730 (Tex. App.—Fort Worth 2003, no pet.).

To determine whether the trial court erred by rendering a JNOV, we view the evidence in the light most favorable to the verdict under the well-settled standards that govern legal sufficiency review. *See Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003). The standard for reviewing a judgment notwithstanding the verdict, like all other motions rendering judgment as a matter of law, requires a reviewing court to credit evidence favoring the jury verdict if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007). If the trial court grants a motion for JNOV on

the wrong ground, we must nevertheless affirm the judgment if any theory in the motion could support the JNOV. *Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 302 (Tex. App.—San Antonio 1999, pet. denied); *see also Guar. County Mut. Ins. Co. v. Reyna,* 709 S.W.2d 647, 648 (Tex. 1986) (holding that lower court's judgment must be upheld on any correct legal theory before it, even if court gave an incorrect reason for the judgment).

### Whether Reeves and R2 Enterprises Have Standing

A plaintiff must have standing to bring a lawsuit. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005); *City of Arlington v. Centerfolds, Inc*., 232 S.W.3d 238, 244 (Tex. App.—Fort Worth 2007, pet. denied). The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in its outcome. *Lovato*, 171 S.W.3d at 848; *City of Arlington*, 232 S.W.3d at 244. Standing, therefore, focuses on who may bring an action, *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001), and is concerned with whether the claimant has a particularized injury distinct from that suffered by the general public. *Bland ISD v. Blue*, 34 S.W.3d 547, 555–56 (Tex. 2000); *City of Arlington*, 232 S.W.3d at 244.

Standing requires that there be a real controversy between the parties that will actually be determined by the judicial declaration sought. *Lovato*, 171

8

S.W.3d at 849; *City of Arlington*, 232 S.W.3d at 244. This means that litigants must be "properly situated to be entitled to [a] judicial determination." *Lovato*, 171 S.W.3d at 849 (quoting 13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3531, at 338–39 (2d ed.1984)). Without standing, a court lacks subject matter jurisdiction to hear the case. *Id.*; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993); *City of Arlington*, 232 S.W.3d at 244.

An individual stakeholder in a legal entity does not have a right to recover personally for harms done to the legal entity. *Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990); *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 250 (Tex. App.—Dallas 2005, no pet.) (applying rule to limited partnership). A stakeholder does not have standing to seek damages on a cause of action belonging to an entity alone, such as when the damages are based on diminution of the entity's worth or the entity's loss of profits. *Nauslar*, 170 S.W.3d at 250; *Fredericksburg Indus., Inc. v. Franklin Int'l, Inc.*, 911 S.W.2d 518, 520–21 (Tex. App.—San Antonio 1995, writ denied). This is true even when the damages sought by the individual stakeholder are based on the diminished value of an ownership interest or loss of employee benefits. *Nauslar*, 170 S.W.3d at 250; *see Mendenhall v. Fleming Co.,* 504 F.2d 879, 880–81 (5th Cir. 1974). For instance, a partner has no individual, separate

9

cause of action for losses suffered by reason of tortious interference with a contract between the partnership and a third party:  damages for loss in value of the partnership interest or employment losses are subsumed in the partnership's causes of action.  *Nauslar*, 170 S.W.3d at 250; *see Cates v. Int'l Tel. & Tel. Corp*., 756 F.2d 1161, 1181–82 (5th Cir. 1985) (construing Texas law).

**Analysis**

Here, Reeves and R2 Enterprises sought and recovered damages based on their shares of the projected profit from the development and sale of the eight lots Rivendell was initially supposed to purchase under the Taylor Estates Partners contract, in the amounts of their respective partnership interests: 49.5% for Reeves and 1% for R2 Enterprises.  Although Reeves and R2 Enterprises did plead and prove personal losses, those losses are indirect and duplicative of Rivendell's losses, being based solely on their partnership interests.  *See Nauslar*, 170 S.W.3d at 250–51; *cf. Gonzalez v. Greyhound Lines, Inc.*, 181 S.W.3d 386, 392–93 (Tex. App.—El Paso 2005, pet. denied) (holding that individuals did not plead injuries separate and apart from their interests in limited partnership); *Johnson v. J. Hiram Moore, Ltd*., 763 S.W.2d 496, 499 (Tex. App.—Austin 1988, writ denied) (holding that limited partners, who were also tenants of building owned by limited partnership, were directly

10

damaged by general and limited partner's breach of fiduciary duty because they had to personally pay construction fees that general and limited partner included in construction contracts without notice to them).  The direct injury was to Rivendell, the party who actually contracted with Taylor Estates Partners and the party that was expected to receive the profits from the development and sale of lots purchased under that contract.  Thus, any recovery based on future earnings on lots under the contract with Taylor Estates Partners belongs to Rivendell alone.  *See Nauslar*, 170 S.W.3d at 251; *cf. Dunnagan v. Watson*, 204 S.W.3d 30, 37, 46–47 (Tex. App.—Fort Worth 2006, pet. denied) (affirming judgment awarding damages to limited partnership based on limited partner's breach of fiduciary duty).  As the party with the primary legal right to recover, Rivendell is the exclusive party with a justiciable interest; therefore, Reeves and R2 Enterprises did not have standing to recover the future damages awarded by the jury, and the trial court did not err by granting the JNOV and entering a take nothing judgment in Whipple's favor.[4]

---

[4] Although the jury found in Rivendell's favor as to breach of fiduciary duty and interference with the option contract, it failed to award any damages to Rivendell based on those findings.

**Conclusion**

Having determined that the trial court's JNOV was proper on standing grounds, we overrule Reeves and R2 Enterprises's issue and affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL A:   CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DELIVERED: June 26, 2008