COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-257-CV

 

 

R2 ENTERPRISES, INC.                                                       APPELLANTS

AND
TED REEVES

                                                   V.

 

VERNON WHIPPLE                                                                  APPELLEE

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








This case involves a dispute
between one of the limited partners of a limited partnership and the other
limited partner and the general partner of the limited partnership.  In one issue with multiple subparts,
appellants R2 Enterprises, Inc., the general partner of Rivendell Luxury Homes,
L.P., and Ted Reeves, one of two limited partners, challenge the trial court=s judgment granting appellee Vernon Whipple=s motion for judgment notwithstanding the verdict (JNOV) and rendering
a take-nothing judgment in Whipple=s favor.  We affirm.

Background Facts

In February
2004, Whipple and Reeves decided to form a limited partnership to build and
sell homes in the Taylor Oaks Estates subdivision in Double Oak, Denton County,
Texas.  Whipple had been involved in the
construction business for many years, and Reeves was looking for an investment
opportunity.  Whipple and Reeves signed a
limited partnership agreement, which provided that each would own a 49.5%
limited partnership interest in Rivendell. 
The general partner, R2 Enterprises, was owned solely by Reeves, and
owned a one percent interest in Rivendell. 









Rivendell entered into an
option contract with Taylor Estates Partners, Ltd., owned by Ken Hodge, the
developer of the subdivision, in which Rivendell agreed to purchase four lots
each year for three years, a total of twelve lots.  Rivendell purchased one of the lots and built
a home on it.  It also built a home on
another lot that it did not purchase from Taylor Estates Partners.  After Rivendell sold both homes and before it
could purchase any of the remaining lots under contract, Whipple withdrew
approximately $89,000 from Rivendell=s accounts; he testified at trial that he was finished working with
Reeves and wanted to dissolve Rivendell. 
Reeves, concerned that Rivendell was going to lose the earnest money
that it had put down on the remaining eleven lots under contract, entered into
a deal with Hodge in which Reeves individually purchased the three lots that
Rivendell was obligated to buy that year with Hodge applying the earnest money
from the remaining eight lots to the purchase of the three lots.  However, Hodge also required Reeves to sign a
waiver of his and Rivendell=s right to purchase the remaining eight lots under contract.  Reeves financed the purchase of the three
lots with his own money.  Although Reeves
never built on the lots, he eventually was able to sell them to a third party
builder.  

Whipple testified at trial
that with the money he withdrew from Rivendell=s accounts, he first paid off several subcontractors and vendors whom
Reeves had not paid for construction of one of the Rivendell houses; he then
invested the remaining money in a company called Restored Investments, LLC, a
rental property business.  Restored
Investments also purchased the eight remaining lots from Taylor Estates
Partners; Whipple built homes on those lots. 
According to Whipple, none of the money from Rivendell=s accounts was used in the purchase of and construction on the eight
lots. 








Reeves and R2 Enterprises
sued Whipple in March 2005, alleging causes of action for breach of the limited
partnership agreement, tortious interference with existing and future
contracts, conversion, breach of fiduciary duty, and breach of loyalty; they
later added a claim for fraudulent transfer of the money Whipple withdrew from
Rivendell=s
accounts.  They pled for actual and
exemplary damages, the imposition of a constructive trust, and attorney=s fees.  Whipple answered and
counterclaimed for a partnership accounting, a derivative action on behalf of
Rivendell for breach of fiduciary duty, misappropriation and conversion,
judicial dissolution of Rivendell, trespass to try title, injunctive relief,
and attorney=s fees.  








A jury trial began on January
8, 2007.  On the second day, the trial
court allowed a trial amendment adding Rivendell as a plaintiff for purposes of
the breach of fiduciary duty, tortious interference, and conversion claims.  The jury awarded Reeves $297,000 and R2
Enterprises $5,973 in future damages for Whipple=s breach of the limited partnership agreement and the same amounts for
Whipple=s breach of fiduciary duty.  The
jury also found that Whipple had breached a fiduciary duty to Rivendell,
intentionally interfered with Rivendell=s option contracts, and converted Rivendell=s property, but it also found that Rivendell had not suffered any
damages as a result.[2]  The jury also found that Reeves and R2
Enterprises were entitled to $500,000 each as exemplary damages; however,
although the jury found that Whipple acted with malice toward Rivendell, it did
not award Rivendell any exemplary damages. 
Finally, the jury awarded Reeves and R2 Enterprises $75,000 in attorney=s fees.  The jury found against
Whipple on all of his counterclaims.  








The trial court rendered a
final judgment on March 14, 2007, which incorporated the jury=s verdict in all respects, except that it ordered the exemplary
damages awards reduced to $150,000 for Reeves and $100,000 for R2
Enterprises.  Whipple filed a timely
motion for new trial and motion for JNOV. 
In his motion for JNOV, Whipple argued, among other things, that Reeves
and R2 Enterprises were not entitled to the future damages awarded by the juryCwhich were based on the projected cash distributions Reeves and R2
Enterprises would have received had Rivendell been able to develop the
remaining eight lots under the option contract with Taylor Estates PartnersCbecause by signing the release, Reeves waived the right to purchase
those lots.  Whipple also argued that
Reeves and R2 Enterprises did not have standing or capacity to recover damages,
that only Rivendell had such standing, and that as a matter of law Whipple owed
no fiduciary duty to Reeves and R2 Enterprises. 
The trial court agreed with Whipple=s waiver argument, granted Whipple=s motion for JNOV, vacated its March 14, 2007 judgment, and rendered a
take nothing judgment in Whipple=s favor on all claims.  Reeves
and R2 Enterprises appeal.

Issues Presented

Reeves and R2 Enterprises
present the following issue:  ADid the trial court err in granting the motion for JNOV and ordering
the remittitur of $750,000.00 in punitive damages?@  This broad issue has multiple
subparts, including whether the trial court correctly concluded that Reeves had
waived any future damages for himself and R2 Enterprises by waiving Rivendell=s claim to the remaining eight lots under the option contract, whether
the JNOV was proper based on Whipple=s standing and capacity claims, whether the jury correctly determined
that Whipple breached a fiduciary duty to Reeves and R2 Enterprises, and
whether the trial court erred in granting a remittitur of the exemplary damages
awards.  We address the standing issue
first because it is dispositive.[3]

 








Standard of Review

A trial court may disregard a
jury verdict and render JNOV if no evidence supports the jury findings on
issues necessary to liability or if a directed verdict would have been
proper.  See Tex. R. Civ. P. 301; Tiller v.
McLure, 121 S.W.3d 709, 713 (Tex. 2003); Fort Bend County Drainage Dist.
v. Sbrusch, 818 S.W.2d 392, 394 (Tex. 1991).  A directed verdict is proper only under
limited circumstances:  (1) when the
evidence conclusively establishes the right of the movant to judgment or
negates the right of the opponent; or (2) when the evidence is insufficient to
raise a material fact issue.  Prudential Ins. Co. v. Fin. Review Servs.,
Inc., 29 S.W.3d 74, 77 (Tex. 2000); Ray v. McFarland, 97 S.W.3d 728,
730 (Tex. App.CFort Worth
2003, no pet.).  








To determine whether the
trial court erred by rendering a JNOV, we view the evidence in the light most
favorable to the verdict under the well-settled standards that govern legal
sufficiency review.  See Wal-Mart
Stores, Inc. v. Miller, 102 S.W.3d 706, 709 (Tex. 2003).  The standard for reviewing a judgment
notwithstanding the verdict, like all other motions rendering judgment as a
matter of law, requires a reviewing court to credit evidence favoring the jury
verdict if reasonable jurors could and disregard contrary evidence unless
reasonable jurors could not.  Cent.
Ready Mix Concrete Co. v. Islas, 228 S.W.3d 649, 651 (Tex. 2007).  If the trial court grants a motion for JNOV
on the wrong ground, we must nevertheless affirm the judgment if any theory in
the motion could support the JNOV.  Wallis v. United Servs. Auto. Ass'n, 2
S.W.3d 300, 302 (Tex. App.CSan Antonio 1999, pet. denied); see also Guar. County Mut. Ins. Co.
v. Reyna, 709 S.W.2d 647, 648 (Tex. 1986) (holding that lower court=s judgment must be upheld on any correct legal theory before it, even
if court gave an incorrect reason for the judgment).

Whether Reeves and R2 Enterprises Have Standing

A plaintiff
must have standing to bring a lawsuit.  Austin
Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 848 (Tex. 2005); City of
Arlington v. Centerfolds, Inc., 232 S.W.3d 238, 244 (Tex. App.CFort Worth 2007, pet. denied). 
The issue of standing focuses on whether a party has a sufficient
relationship with the lawsuit so as to have a justiciable interest in its
outcome.  Lovato, 171 S.W.3d at
848; City of Arlington, 232 S.W.3d at 244.  Standing, therefore, focuses on who may bring
an action, M.D. Anderson Cancer Ctr. v. Novak, 52 S.W.3d 704, 708 (Tex.
2001), and is concerned with whether the claimant has a particularized injury
distinct from that suffered by the general public.  Bland ISD v. Blue, 34 S.W.3d 547, 555B56 (Tex. 2000); City of Arlington, 232 S.W.3d at 244.








Standing requires that there
be a real controversy between the parties that will actually be determined by
the judicial declaration sought.  Lovato,
171 S.W.3d at 849; City of Arlington, 232 S.W.3d at 244.  This means that litigants must be Aproperly situated to be entitled to [a] judicial determination.@ Lovato, 171 S.W.3d at 849 (quoting 13 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper,
Federal Practice and Procedure: 
Jurisdiction 2d ' 3531, at 338B39 (2d
ed.1984)).  Without standing, a court
lacks subject matter jurisdiction to hear the case.  Id.; Tex. Ass=n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 443 (Tex. 1993); City of Arlington, 232 S.W.3d at 244.








An individual stakeholder in
a legal entity does not have a right to recover personally for harms done to
the legal entity.  Wingate v. Hajdik,
795 S.W.2d 717, 719 (Tex. 1990); Nauslar v. Coors Brewing Co., 170
S.W.3d 242, 250 (Tex. App.CDallas 2005, no pet.) (applying rule to limited partnership).  A stakeholder does not have standing to seek
damages on a cause of action belonging to an entity alone, such as when the
damages are based on diminution of the entity=s worth or the entity=s loss of profits.  Nauslar,
170 S.W.3d at 250; Fredericksburg Indus., Inc. v. Franklin Int=l, Inc., 911 S.W.2d 518, 520B21 (Tex. App.CSan Antonio
1995, writ denied).  This is true even
when the damages sought by the individual stakeholder are based on the
diminished value of an ownership interest or loss of employee benefits.  Nauslar, 170 S.W.3d at 250; see
Mendenhall v. Fleming Co., 504 F.2d 879, 880B81 (5th Cir. 1974).  For
instance, a partner has no individual, separate cause of action for losses
suffered by reason of tortious interference with a contract between the
partnership and a third party:  damages
for loss in value of the partnership interest or employment losses are subsumed
in the partnership=s causes of
action.  Nauslar, 170 S.W.3d at 250;
see Cates v. Int=l Tel. & Tel. Corp., 756 F.2d
1161, 1181B82 (5th Cir.
1985) (construing Texas law).

Analysis








Here, Reeves and R2
Enterprises sought and recovered damages based on their shares of the projected
profit from the development and sale of the eight lots Rivendell was initially
supposed to purchase under the Taylor Estates Partners contract, in the amounts
of their respective partnership interests: 
49.5% for Reeves and 1% for R2 Enterprises.  Although Reeves and R2 Enterprises did plead
and prove personal losses, those losses are indirect and duplicative of
Rivendell=s losses,
being based solely on their partnership interests.  See Nauslar, 170 S.W.3d at 250B51; cf. Gonzalez v. Greyhound Lines, Inc., 181 S.W.3d 386, 392B93 (Tex. App.CEl Paso
2005, pet. denied) (holding that individuals did not plead injuries separate
and apart from their interests in limited partnership); Johnson v. J. Hiram
Moore, Ltd., 763 S.W.2d 496, 499 (Tex. App.CAustin 1988, writ denied) (holding that limited partners, who were
also tenants of building owned by limited partnership, were directly damaged by
general and limited partner=s breach of fiduciary duty because they had to personally pay
construction fees that general and limited partner included in construction
contracts without notice to them).  The
direct injury was to Rivendell, the party who actually contracted with Taylor
Estates Partners and the party that was expected to receive the profits from
the development and sale of lots purchased under that contract.  Thus, any recovery based on future earnings
on lots under the contract with Taylor Estates Partners belongs to Rivendell
alone.  See Nauslar, 170 S.W.3d at
251; cf. Dunnagan v. Watson, 204 S.W.3d 30, 37, 46B47 (Tex. App.CFort Worth
2006, pet. denied) (affirming judgment awarding damages to limited partnership
based on limited partner=s breach of
fiduciary duty).  As the party with the
primary legal right to recover, Rivendell is the exclusive party with a
justiciable interest; therefore, Reeves and R2 Enterprises did not have standing
to recover the future damages awarded by the jury, and the trial court did not
err by granting the JNOV and entering a take nothing judgment in Whipple=s favor.[4]








Conclusion

Having
determined that the trial court=s JNOV was proper on standing grounds, we overrule Reeves and R2
Enterprises=s issue and
affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL A:   CAYCE,
C.J.; LIVINGSTON and HOLMAN, JJ.

DELIVERED: June 26, 2008











[1]See Tex. R. App. P. 47.4.





[2]The
trial court had rendered a directed verdict as to the constructive trust,
fraudulent transfer, tortious interference with future contracts, and
conversion claims.  





[3]Although
Whipple challenged Reeves=s
standing in his pleadings, he did not raise R2 Enterprises=s
standing until after trial.  However,
because standing is a component of subject matter jurisdiction, it cannot be
waived and may be raised for the first time on appeal by the parties or the
court.  Austin Nursing Ctr., Inc. v.
Lovato, 171 S.W.3d 845, 849 (Tex. 2005); City of Arlington v.
Centerfolds, Inc., 232 S.W.3d 238, 244 (Tex. App.CFort
Worth 2007, pet. denied).





[4]Although
the jury found in Rivendell=s favor as to breach of
fiduciary duty and interference with the option contract, it failed to award
any damages to Rivendell based on those findings.